## AYCOCK et al. v. UNITED STATES.

### No. 6910.

Circuit Court of Appeals, Ninth Circuit.

Dec. 23, 1932.

Daniel Dougherty, of Los Angeles, Cal., for appellants.

Samuel W. McNabb, U. S. Atty., and J. George Ohannesian, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

Appeal from judgment of conviction and sentence of eighteen months' confinement in the penitentiary concurrently on each of seven counts as to defendant Aycock and five as to defendant Jordan, and five years concurrently on each of four counts as to both defendants; the five-year sentence, however, to be suspended with probation for like period, conditioned as to each on payment of $2,000 for fine and costs. One of the counts, No. 11, on which the eighteen months' sentence was imposed on each defendant, was for violation of section 37, Criminal Code, 18 USCA § 88, conspiracy to commit the substantive offense, violation of section 215, Criminal Code, 18 USCA § 338 (Mail Fraud Act), charged in each of the other counts.

The question before us is whether or not proof of mailing of the indictment letters in response to inquiries by post office inspectors, addressed not to the real names and addresses of the inspectors but to names and addresses assumed by them for this purpose, will sustain the conviction; in other words, whether, in the words of the statute, such letters are addressed "to any person residing within or outside of the United States."

Each of the counts charged the scheme to defraud "C. D. Benning * * * (five other names were here inserted) and other persons too numerous to mention, including the public generally." The mailing of some letter was charged in each count; typical thereof is the first count charging the mailing of a letter addressed "to Mr. C. D. Benning, at 803 Forest Ave., South Bend, Indiana." None of the counts alleged that the names and addresses were not real names and addresses or that they were names and addresses assumed by postal inspectors.

Each letter on its face indicates that it was mailed in response to an inquiry which apparently came from the person to whom the letter was addressed. Defendants thus clearly intended the mailed letters to reach the very persons who had made the inquiries. The legal names and home or business addresses of their correspondents were of no materiality, even though, had they known that their correspondents were postal inspectors, defendants no doubt would have refrained from mailing the indictment letters; it was their

occupation, not their actual names and addresses, that was of concern to defendants.

Contrary to appellant's contention, we are not dealing with letters addressed to fictitious persons. There is no statutory limitation that they be addressed to persons under their legal names; the evil sought to be reached is not dependent upon the addressee's legal right to use the name and address assumed by him.

If some person, desirous of availing himself of the advice and information that he believed these defendants could give him, had assumed the names and addresses specified in the indictment, because, from a feeling of shame or modesty, he wanted to conceal the fact that he was the sufferer, a letter mailed to him under such assumed name and address, in answer to his inquiry, would clearly be mailed to a real and not to a fictitious person. No less is this true in the instant case, although the inspectors' motives were different; concededly there is no question of entrapment.

■ The constitutional right of the defendants to be confronted by the witnesses in the trial of a criminal case imposes no obligation on the government to call any specific persons as witnesses. That defendants might have expected to be confronted by persons whose legal names and addresses were those stated in the indictment is entirely immaterial; their remedy, if taken by surprise, was to ask for a continuance. They were deprived of no constitutional right in not being confronted by persons legally bearing certain names.

■ Inasmuch as, in our judgment, it is immaterial to the crime charged whether the names and addresses were assumed or were the legal names of the persons to whom the letters were addressed, an allegation that they were so assumed is not essential to the validity of the indictment.

Affirmed.