No. 48,564

STATE OF KANSAS, *Appellee,* v. LARRY D. BAILEY, *Appellant.*

(573 P.2d 590)

Opinion filed December 10, 1977.

*Gary E. Laughlin,* of Sloan, Listrom, Eisenbarth, Sloan and Glassman, of Topeka, argued the cause, and was on the brief for the appellant.

*Albert D. Keil,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, C.J.: This is an appeal by the defendant in a criminal action from a jury verdict which found Larry D. Bailey (defendant-appellant) guilty of four counts of aggravated battery (K.S.A. 21-3414), one count of aggravated battery against a law enforcement officer (K.S.A. 21-3415), one count of aggravated assault on a law enforcement officer (K.S.A. 21-3411), three counts of criminal damage to property of a value less than $50 (K.S.A. 21-3720), one count of theft of property of a value less than $50 (K.S.A. 21-3701), and one count of failure to stop and render assistance to injured persons (K.S.A. 8-1602).

The appellant challenges the instructions given by the trial

court and contends he was denied his constitutional right to confront witnesses against him.

At approximately 10:00 p.m. on December 19, 1975, the appellant drove into the Apco Service Station located on Highway 24 in Rossville, Kansas. At the appellant's request the attendant on duty, James Andres, began filling the car with gasoline. As Mr. Andres was just finishing, the appellant put his car in gear and drove off without paying for the gasoline and with the nozzle still in the car. As a result the pump at the station was damaged.

Mr. Andres obtained a partial license plate number from the car. He reported this information to the local Rossville police, and he was able to describe the car as a white 1964 Chevrolet. The police, in turn, relayed the information to the Shawnee County Sheriff's Office.

Officers Robert N. Miller and Donald J. Hock of the sheriff's department responded to the call to search for the suspect vehicle. They located the appellant's car proceeding rapidly in an easterly direction along Interstate 70 just east of the West Union Road exit. A high-speed chase began when the officers activated the red light and siren on the patrol car.

Sergeant Miller testified that in the midst of the chase the appellant's car struck another vehicle which was proceeding east on Interstate 70. The passengers were later identified as Donald Staley, Myrna Staley, Devon Staley and David Everson. The appellant made no attempt to stop. Instead, he continued down the highway at an accelerated speed. Sergeant Miller radioed the Shawnee County Sheriff's Office for assistance to aid the passengers in the vehicle.

Officer Hock also testified concerning the accident. He stated the appellant's car was attempting to pass between two other cars running side-by-side on the highway when the accident occurred. He said the vehicle which was struck went off the road, hit a guard rail and then bounced back on the road. At this point a woman fell partially out of the car door and hit her head on the pavement.

The officers who responded to Sergeant Miller's call for aid testified the Staley car was extensively damaged and Myrna Staley was seriously injured.

Shortly after the appellant's car struck the Staley car Officers Miller and Hock were joined by Troopers Timothy P. Lockett and

Richard L. Devore of the Kansas Highway Patrol. On three separate occasions Trooper Devore, who was in uniform and driving a marked highway patrol car, attempted to pass the appellant's car on the right side. Each time the appellant swerved his car toward the patrol car, which forced Trooper Devore to slow down on the shoulder of the road. Finally, on the fourth try Trooper Devore was successful in getting in front of the appellant's car,. and he forced the appellant to slow down.

During this time Trooper Lockett pulled his patrol car beside the appellant's car on the left-hand side. The appellant steered his car into the patrol car and forced it toward a guard rail. Trooper Lockett was able to avoid hitting the guard rail, and he soon succeeded with the help of the other officers in slowing the appellant's speed.

When completely surrounded the appellant appeared to stop, and the officers emerged from their various patrol cars. The appellant then put his car in forward gear and struck the rear of the patrol car directly in front of him. It, in turn, hit Trooper Devore and knocked him backward. The appellant next put his car in reverse and hit the sheriff's car behind him, and he again started forward and struck the patrol car in front of him. Finally exhausted, he came to a rest and passed out in the front seat of his car. The officers were then able to arrest him.

The trial commenced on March 29, 1976. The victims in the Staley car were subpoenaed by the state to testify, but they were unable to attend. They were also listed as witnesses on the original information filed with the trial court. When the victims did not appear, the appellant moved to dismiss the charges of aggravated battery in counts one through four of the information on the ground he was denied his constitutional right to confront and cross-examine the witnesses against him. This motion was overruled by the trial court.

The Sixth Amendment to the Constitution of the United States and Section 10 of the Bill of Rights of the Constitution of the State of Kansas both guarantee an accused the right to confront the witnesses against him.

The appellant now asserts his rights were abridged because the victims in the Staley car did not testify. He states their testimony *could have been* critical because the only other testimony given in this case regarding the high-speed chase was by law enforcement personnel.

The accused in a criminal case does not have an absolute right to confront the witnesses at trial in every case. Certain well-recognized exceptions exist to the confrontation rule. If the witness is deceased or otherwise unable to communicate because of grave health or tender years, there is no absolute right to confrontation. Similarly, if the accused procures the witness's absence from the trial, no absolute right to confrontation exists. (*Reynolds v. United States*, 98 U.S. 145, 25 L.Ed. 244.)

The appellant submits none of these exceptions apply in the instant case; however, he asserts a defendant has the right to insist upon a face-to-face meeting against every witness who *should* testify against him.

This argument lacks merit. The appellant fails to distinguish between his right to confront witnesses with his right to confront the victims of the crime. He was present in person and by counsel at the trial to confront the witnesses presented by the state. The victims of the aggravated battery, as charged in counts one through four of the information, Donald Staley, Myrna Staley, Devon Staley and David Everson were residents of the State of Colorado. Although the state attempted to secure their appearance at the trial, these victims were unable to appear. The appellant concedes not one word of testimony by these victims was offered by the state in the form of depositions, prior testimony or otherwise. Moreover, Devon Staley, a child of one year, was incapable of testifying.

In *State v. James*, 76 N.M. 376, 415 P.2d 350 (1966), the court dealt with this same issue. There, the victim of the aggravated battery was named in the information and his name was endorsed as a witness; however, he was out of the jurisdiction of the court when the case proceeded to trial. The court states:

"Appellant would have us construe the words, 'to be confronted with the witnesses against him,' which appear in both amendment VI of the Constitution of the United States, and article II, § 14 of the Constitution of New Mexico, as being synonymous with the words, 'to be confronted with his victim.' A witness is one who testifies under oath, and the constitutional guarantee contemplates confrontation only by those who actually testify against the accused, or whose testimony or statements are in some way brought to the attention of the court and jury upon the trial." (p. 379.)

The court further explains:

"The right of confrontation does not embrace a situation such as we have here,

where no prior testimony, statement, or utterance of any kind by the victim was brought to the attention of the jury, and none was offered by the state.

"The purposes of confrontation are to secure to the accused the right of cross-examination; the right of the accused, the court and the jury to observe the deportment and conduct of the witness while testifying; and the moral effect produced upon the witness by requiring him to testify at the trial. Wigmore on Evidence, 3d Ed., Vol. V, § 1395. See also Underhill's Criminal Evidence, 5th Ed., Vol. II, § 515; Pointer v. State of Texas [380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923]; Douglas v. State of Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934." (pp. 379-380.)

Thus, the constitutionally guaranteed right of confrontation does not require that the victim or the accuser be called as a witness. (See also *State v. Triplett,* 520 S.W.2d 166 [Mo. App. 1975]; *Heard v. The State,* 126 Ga. App. 62, 189 S.E.2d 895 [1972]; *Gaertner v. State,* 35 Wis. 2d 159, 150 N.W.2d 370 [1967]; *State v. Boodry,* 96 Ariz. 259, 394 P.2d 196 [1964], *cert. denied,* 379 U.S. 949, 13 L.Ed.2d 546, 85 S.Ct. 448 [1964]; and *Harris v. Commonwealth,* 315 S.W.2d 630 [Ky. 1958].)

We note the appellant made no attempt to subpoena any of the victims in the Staley car as witnesses, nor did he indicate to the trial court what evidence he believed might be developed from these victims. Further, he failed to seek a continuance "for good cause shown" as provided in K.S.A. 22-3401.

In *Aycock v. United States,* 62 F.2d 612 (9th Cir. 1932), *cert. denied,* 289 U.S. 734, 77 L.Ed. 1482, 53 S.Ct. 595 (1933), it is stated:

"The constitutional right of the defendants to be confronted by the witnesses in the trial of a criminal case imposes no obligation on the government to call any specific persons as witnesses. . . ." (p. 613.)

This principle has been followed in numerous cases. See in particular *Allbritten v. State,* 262 Ind. 452, 317 N.E.2d 854 (1974); *Flatt v. Commonwealth,* 468 S.W.2d 793 (Ky. 1971); *Gaertner v. State,* supra; *The People v. Jolliff,* 31 Ill. 2d 462, 202 N.E.2d 506 (1964); and *People v. Fisher,* 208 Cal. App. 2d 78, 25 Cal. Rptr. 242 (1962).

Here the appellant's rights to confrontation were not violated. Nothing in the constitution requires the state to produce at trial any particular witness to the crime. We hold the failure of the state to call a particular person to give evidence is not a ground for reversal of conviction when the accused had the opportunity to confront all persons who were witnesses against him at his trial.

The appellant also challenges the sufficiency of the instructions given by the trial court. He claims the trial court should have given instructions on aggravated assault on a law enforcement officer as a lesser included offense of aggravated battery against a law enforcement officer, as well as an instruction on aggravated assault as a lesser included offense of aggravated battery. We find no error in the instructions given by the trial court.

The record reveals the trial court instructed the jury on aggravated battery and aggravated battery against a law enforcement officer, following Pattern Instructions for Kansas (PIK) Criminal, §§ 56.18, 56.19. Pursuant to K.S.A. 21-3107(3), the trial court also instructed on the lesser included offense of battery for aggravated battery, and the lesser included offense of battery against a law enforcement officer for aggravated battery against a law enforcement officer.

Our court has discussed the general rules pertaining to lesser included offenses on various occasions. In order to be a lesser included offense, all elements necessary to prove the lesser crime must be present and be required to establish the elements of the greater crime charged. If either crime requires proof of an element not necessarily included in the other, then it cannot be a lesser included offense of the other. (*State v. Burnett,* 221 Kan. 40, 558 P.2d 1087, and cases cited therein.)

Because any degree of aggravated assault or aggravated battery is basically an assault or battery with additional elements, our discussion begins with these statutes. K.S.A. 21-3408 defines assault as follows:

"An assault is an intentional threat or attempt to do bodily harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary."

The battery statute, K.S.A. 21-3412 provides:

"Battery is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolent or angry manner."

Clearly, the elements of the two crimes are different. The crime of assault requires an immediate apprehension of bodily harm, which is not an element needed to establish the crime of battery.

Thus, an assault when done under circumstances of aggravation and against a law enforcement officer is not a lesser included offense of aggravated battery or aggravated battery against a law

enforcement officer. Furthermore, comments by the Judicial Council to K.S.A. 21-3414 suggest the intent of the legislature in adopting the new Criminal Code was to clearly distinguish between assault and battery.

We have often cited the rule under K.S.A. 21-3107(3) that the trial court has an affirmative duty to instruct on lesser included offenses even though an instruction is not requested by the accused. This duty arises only where there is at least some evidence on which the jury might convict the accused of a lesser offense. The failure to instruct on some lesser degree of the crime is not grounds for reversal, if the evidence at the trial excludes a theory of guilt on the lesser offense. (*State v. Burrow & Dohlmar*, 221 Kan. 745, 561 P.2d 864; *State v. Wright*, 221 Kan. 132, 557 P.2d 1267, and cases cited therein.)

Here, the evidence showed a battery had been committed because an actual touching did occur. The battery was done with an automobile used in such a manner it constituted a deadly weapon. While it was not necessary under the facts presented, the trial court instructed the jury on the lesser included offenses of battery and battery against a law enforcement officer. We hold no error was committed by the trial court in failing to instruct that aggravated assault is a lesser included offense of aggravated battery or that aggravated assault on a law enforcement officer is a lesser included offense of aggravated battery against a law enforcement officer.

The judgment of the lower court is affirmed.

McFARLAND, J., not participating.