No. 52,129

STATE OF KANSAS, *Appellant,* v. TY W. RUSSELL, *Appellee.*

(622 P.2d 658)

Opinion filed January 17, 1981.

*Michael B. Buser,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Dennis W. Moore,* district attorney, and *G. Joseph Pierron,* assistant district attorney, were with him on the brief for the appellant.

*James A. Wheeler,* of Olathe, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is an appeal by the prosecution pursuant to K.S.A. 1979 Supp. 22-3602(*b*)(1) from the trial court's dismissal of two counts of an information.

In the early morning hours of September 28, 1979, a Mission, Kansas, police officer observed a pickup truck being operated by defendant near the junction of Interstate 35 and Interstate 635. The officer's radar equipment clocked the vehicle at 73 miles per hour in a 55-mile per hour zone. The officer activated his emergency equipment and pulled in behind the pickup. Defendant did not stop and accelerated to 100 miles per hour. The officer pursued the pickup and the high speed chase proceeded out of Johnson County into Kansas City, Missouri, then back into Wyandotte and Johnson Counties. As the chase progressed, officers from various Kansas and Missouri jurisdictions became involved. The pursuit covered some forty-five miles and lasted approximately forty minutes.

While in Missouri defendant attempted to run a Missouri

police vehicle off the road. In Kansas, toward the end of the chase, while officers were attempting to box in defendant's vehicle, defendant allegedly rammed a police vehicle operated by a Merriam, Kansas, officer and forced it off the road. Shortly thereafter the pickup was halted and defendant was arrested. He was charged with: (1) aggravated assault on a law enforcement officer (K.S.A. 21-3411); (2) fleeing or attempting to elude a police officer (K.S.A. 8-1568); and (3) driving while under influence of intoxicating liquor or drugs (K.S.A. 1979 Supp. 8-1567). All three charges arose from the events in Johnson County.

On the day of trial, April 14, 1980, defendant entered his guilty plea to Count II—fleeing or attempting to elude a police officer. Upon the trial court's acceptance of his guilty plea to the one count, defendant moved to dismiss the other two counts. The motion was sustained and the State appeals. The two counts were dismissed on different grounds and, accordingly, must be considered separately.

The first issue is whether the trial court erred in dismissing Count I on the ground that Count II (fleeing or attempting to elude a police officer), to which defendant had pled guilty, was a lesser included offense of Count I (aggravated assault on a law enforcement officer).

K.S.A. 21-3107(1) and (2) provides:

"(1) When the same conduct of a defendant may establish the commission of more than one crime under the laws of this state, the defendant may be prosecuted for each of such crimes. Each of such crimes may be alleged as a separate count in a single complaint, information or indictment.

"(2) Upon prosecution for a crime, the defendant may be convicted of either the crime charged or an included crime, but not both. An included crime may be any of the following:

"(a) A lesser degree of the same crime;

"(b) An attempt to commit the crime charged;

"(c) An attempt to commit a lesser degree of the crime charged; or

"(d) A crime necessarily proved if the crime charged were proved."

Specifically, the trial court held:

"The Court is of the opinion that under the proffered facts of this case that Count II of the Information, fleeing or attempting to elude a police officer, is a lesser included offense of aggravated assault of a police officer as alleged in Count I because of the fact that the alleged weapon is the automobile that the defendant was driving while he was attempting to elude police officers."

K.S.A. 21-3107(2) was construed in *State v. Arnold,* 223 Kan. 715, 716, 576 P.2d 651 (1978), as follows:

"Lesser included offenses fall into three categories under our statute. The first is the offense which is merely a lower degree of the offense charged or subparagraph (*a*) under the statute. The second category is the attempt as a lesser included offense or subparagraphs (*b*) and (*c*) under the statute. The third category is the offense which is necessarily committed by the defendant in perpetrating the crime charged or subparagraph (*d*) under the statute. Under this section it is impossible to commit the greater offense without first having committed the lesser offense. The offense must not require some additional element which is not needed to constitute the greater offense. In other words, there must be 'identity of elements.' (See Note, *The Doctrine of Lesser Included Offenses in Kansas,* 15 Washburn L. J. 40, 41-45 [1976].)

"Our court has consistently construed subparagraph (*d*) to mean a lesser included offense must not require proof of *any* element not necessary in the greater crime charged. (See *State v. Daniels,* 223 Kan. 266, 573 P.2d 607; and *State v. Bailey,* 223 Kan. 178, 573 P.2d 590.)"

Does fleeing or attempting to elude a police officer (K.S.A. 8-1568) require some additional element which is not needed to constitute aggravated assault on a law enforcement officer (K.S.A. 21-3411)? We conclude that it does. K.S.A. 8-1568 provides:

"(*a*) Any driver of a motor vehicle who willfully fails or refuses to bring his or her vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police vehicle, when given visual or audible signal to bring the vehicle to a stop, shall be guilty of a misdemeanor. The signal given by the police officer may be hand, voice, emergency light or siren. The officer giving such signal shall be in uniform, prominently displaying his or her badge of office, and the officer's vehicle shall be appropriately marked showing it to be an official police vehicle."

The gist of the proscribed conduct is a driver's failure to stop his motor vehicle after having been signaled to stop by a police officer in a police vehicle or attempting to elude the police vehicle.

The statutes relative to aggravated assault on a law enforcement officer are:

"**21-3411. Aggravated assault on a law enforcement officer.** Aggravated assault of a law enforcement officer is an aggravated assault, as defined in section 21-3410, committed against a uniformed or properly identified state, county or city law enforcement officer while such officer is engaged in the performance of his duty."

"**21-3410. Aggravated assault.** Aggravated assault is:

"(*a*) Unlawfully assaulting or striking at another with a deadly weapon; or

"(*b*) Committing assault by threatening or menacing another while disguised in any manner designed to conceal identity; or

"(*c*) Willfully and intentionally assaulting another with intent to commit any felony."

"**21-3408. Assault.** An assault is an intentional threat or attempt to do bodily

harm to another coupled with apparent ability and resulting in immediate apprehension of bodily harm. No bodily contact is necessary."

The elements of aggravated assault on a law enforcement officer are: (1) the intentional threatening or attempting to do bodily harm to a uniformed or properly identified law enforcement officer engaged in the performance of his duty; (2) the apparent ability to cause such bodily harm; (3) the officer's immediate apprehension of bodily harm; and (4) use of a deadly weapon, use of a disguise, or assault with intent to commit a felony.

As shown, the only common element in K.S.A. 21-3411 and K.S.A. 8-1568 is that a law enforcement officer must be involved. One cannot even say that the victim of each crime must be a law enforcement officer, as K.S.A. 8-1568 is merely a traffic violation.

To violate K.S.A. 8-1568 one needs only to ignore the activated emergency equipment of the police vehicle. The failure to stop or attempting to flee is no part of aggravated assault on a law enforcement officer. As noted by the factual statement, K.S.A. 8-1568 was violated throughout the chase in Kansas. The aggravated assault is charged for one specific occurrence—the alleged intentional ramming of the police vehicle.

In dismissing the assault count, the trial court relied heavily on *State v. Becker,* 1 Kan. App. 2d 671, 573 P.2d 1096 (1977). In *Becker,* the defendant was pursued by police in a high speed chase. A quarter mile from an oncoming police vehicle, defendant crossed the center stripe of the road, forcing the approaching police vehicle almost completely off the road. The defendant testified that he did not cross the center stripe immediately in front of the oncoming police vehicle, and did not intend harm to the officer driving the car. The defendant pled not guilty to 17 misdemeanor counts in the county court of McPherson County, and requested a jury trial. Thereupon, the State dismissed all 17 counts and refiled 15 of the counts in the district court. Included in the 15 refiled counts was "driving on the left side of the road." The defendant pled guilty to that count and several others. One week after the charges were refiled, the defendant was also charged with aggravated assault on a law enforcement officer. He was ultimately convicted on this felony count, and such was the subject of his appeal.

The Court of Appeals reversed the Becker conviction of ag-

gravated assault on a law enforcement officer on double jeopardy grounds. In support thereof the court cited K.S.A. 21-3108(2)(*a*) [since amended] as follows:

" '(2) A prosecution is barred if the defendant was formerly prosecuted for a different crime, or for the same crime based upon different facts, if such former prosecution:

'(*a*) . . . was for a crime which involves the same conduct, unless *each prosecution* requires proof of a fact not required in the other prosecution. . . .' (emphasis supplied)" p. 672.

and concluded:

"In the case at bar exactly the same conduct was the basis of two separate prosecutions. In the assault charge, the driving left of center was the threat or attempt to do bodily harm—the overt act under the particular circumstances. According to the state's evidence, we do not have a situation where early in the chase and prior to the commission of the alleged assault the defendant drove his vehicle on the left half of the highway. Proof of the assault charge would have supported and included the traffic charge. Nothing was needed to be proven in the traffic count which was not necessary in the felony charge. The evidence in the latter would have supported conviction of the former. Thus, defendant could not be convicted of both charges and the latter prosecution must be voided." p. 673.

While neither approving or disapproving the holding in *Becker,* the factual situation in the case before us may be distinguished. The failure to stop or attempting to elude the officer's vehicle was not the overt act of the assault on the officer. Defendant violated K.S.A. 8-1568 from the beginning of the chase. Violation of K.S.A. 8-1568 was not the alleged means or method of the assault.

On the rationale expressed earlier in this opinion, we conclude the trial court erred in dismissing Count I (aggravated assault on a law enforcement officer) on the ground that Count II (fleeing or attempting to elude a police officer), to which defendant had pled guilty, was a lesser included offense of Count I.

The second issue on appeal is whether the trial court erred in dismissing Count III (driving while under influence of intoxicating liquor), on the ground defendant's plea of guilty in Missouri to a similar charge barred the Kansas prosecution pursuant to K.S.A. 1979 Supp. 21-3108(3).

Charges ensuing from the same high speed chase were filed against defendant in the State of Missouri. Prior to the day of the trial herein, defendant pled guilty in the Circuit Court of Jackson County, Missouri, to a "driving under the influence" charge and a

"resisting arrest" charge. Copies of the Missouri court records were not offered in the case before us. No reference is made as to which of Missouri's two drunken driving statutes was involved (Mo. Ann. Stat. § 577.010 or § 577.012 [Vernon].) However, this is not crucial to determination of the issue before us.

K.S.A. 1979 Supp. 21-3108(3) provides:

"(3) A prosecution is barred if the defendant was formerly prosecuted in a district court of the United States or in a court of general jurisdiction of a sister state or in the municipal court of any city of this state for a crime which is within the concurrent jurisdiction of this state, if such former prosecution: ·

"(a) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the offense was not consummated when the former trial began;"

The statute was originally enacted in 1969 and section (3) thereof has not been amended. The Judicial Council notes relative to this section of the statute (K.S.A. 21-3108 [Weeks]) state:

"Subsection (3) provides a bar to subsequent prosecution in case of prior prosecution in another jurisdiction or in a municipal or police court of this state.

"In the absence of statute, the rule against double jeopardy does not apply as between separate sovereignties. Generally, a prosecution in the federal court or in the courts of another state will not bar a prosecution in Kansas, based on the same conduct. However, there are exceptions. Former K.S.A. 21-104 provided that persons charged with stealing or robbing in another state and bringing stolen property into Kansas could plead a former conviction or acquittal in another state, territory or country. Former K.S.A. 65-2520 made conviction or acquittal under the federal narcotics laws a bar to prosecution under state law for the same unlawful conduct. Hence, the section is not without precedent in Kansas law.

"Under this section, an acquittal or conviction in a federal court or a court of any other state or a municipal or police court of this state having concurrent jurisdiction would bar a prosecution in Kansas based on the same conduct. Also, the section makes *res judicata* applicable between jurisdictions."

The author's comments in 10 Vernon's Kan. Stat. Ann. § 21-3108, pp. 138-139, well summarize the change in the then law relative to prosecutions by separate sovereigns which resulted from the enactment of the statute:

"Subsection 21-3108(3)(a) introduces an almost totally new idea into Kansas Criminal Jurisprudence: the application of the bar of jeopardy to prosecutions by different sovereigns. As recently as 1967 the Kansas Supreme Court has said, 'The city and the state are separate sovereigns having separate codes of behavior. We have previously declared that a defendant may be prosecuted for his actions by both sovereigns . . . . Appellant was not placed in double jeopardy.' Earwood v. State, 1967, 198 Kan. 659, 426 P.2d 151, 153. The Supreme Court of the

United States has, of course, now held this view in violation of the federal Constitution, Waller v. Florida, 1970, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435, reh. den. 398 U.S. 914, 90 S.Ct. 1684, 26 L.Ed.2d 79, but the same rule has been commonly applied to prosecutions by two states, or by one state and the federal government, and neither the constitutional nor common law guarantees against double jeopardy have yet been held to apply in such cases. Bartkus v. Illinois, 1959, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684, reh. denied 360 U.S. 907, 79 S.Ct. 1283, 3 L.Ed.2d 1258; United States v. Lanza, 1922, 260 U.S. 377, 43 S.Ct. 141. *Bartkus* would appear to be one of the few decisions of the late fifties of a closely divided Supreme Court, which has survived the rethinking in the sixties regarding the extent to which the 14th amendment requires the application of the Federal Bill of Rights to the states.

"The abolition of the 'separate sovereignties' doctrine relates only to prosecutions for the same conduct where both prosecutions require proof of the same facts, i.e., substantial identity of the crimes. . . .

"There is precedent in prior Kansas law for application of the double jeopardy concept to prosecutions by separate sovereigns, but the precedent is extremely narrow. Section 21-104 provided a bar to prosecution for bringing stolen property into Kansas where the defendant has been formerly convicted or acquitted of the theft in another state. Section 65-2520 provided a bar to prosecution in Kansas for conduct for which defendant has been acquitted or convicted under the federal narcotics law. Beyond these two exceptions, Kansas has traditionally accepted the 'separate sovereignties' doctrine, and thus the change inherent in subsection 21-3108(3)(a) is a sweeping one."

If the Kansas prosecution is barred by defendant's plea of guilty in the Missouri court, it is only by virtue of the provision of K.S.A. 1979 Supp. 21-3108(3). In order for the statute to bar the Kansas prosecution the Kansas court herein must have concurrent jurisdiction with the Circuit Court of Jackson County, Missouri. The same conduct must give rise to both prosecutions with no additional fact being necessary to prove the prosecution—there must be a substantial identity of the crimes. The statute readily applies to crimes such as kidnapping and conspiracy, parts of which by their very nature can occur in different locations. The fact part of a single kidnapping occurs in Kansas and part occurs in Missouri would not be considered two kidnappings in applying the statute.

Driving under the influence, however, is a rather unique crime. The proscribed conduct is the doing of a particular act while in a particular condition—yet, neither the act nor the condition, alone, is illegal. To convict, the prosecution must prove both the act and the condition. The drinking of intoxicating liquor is not the crime and the State does not have to prove when and where the same was consumed. The offense may be commenced and completed in

less than one minute. The determination of whether a person is "under the influence" involves many factors—amount consumed, type of liquor consumed, weight of the person, tolerance to alcohol, food ingested, and the time lapse from ingestion of alcohol, to name a few. K.S.A. 1979 Supp. 8-1005 establishes certain presumptions relative to percentages of alcohol in the blood in determining whether a person is "under the influence." Conviction of the offense must rest upon proving both the act and the condition occurred at a particular place and time.

Under such circumstances, does the District Court of Johnson County, Kansas, have concurrent jurisdiction with the Circuit Court of Jackson County, Missouri? We think not. The concept of concurrent jurisdiction entails two different courts having jurisdiction over the subject matter of the controversy and either court being a proper forum for its resolution. See *Mallory v. Paradise,* 173 N.W.2d 264, 267 (Iowa 1969).

The issue before the Kansas court on trial of this charge would be whether defendant drove a vehicle in Kansas while under the influence of intoxicating liquor. Whether defendant may have committed a similar crime in Missouri is wholly immaterial to the Kansas case. The two crimes are separate and complete within themselves.

This being the case, we must conclude the District Court of Johnson County, Kansas, and the Circuit Court of Jackson County, Missouri, do not have concurrent jurisdiction herein.

The statute provides "A prosecution is barred . . . if such former prosecution . . . requires proof of a fact not required in the other prosecution." The Kansas prosecutor must prove both the act and the condition occurred in Kansas. The fact a similar crime occurred in Missouri in close proximity timewise does not alter the prosecutor's burden of proof. Accordingly, the substantial identity of the crimes requirement of the statute has not been met.

We conclude that K.S.A. 1979 Supp. 21-3108(3) does not bar the Kansas prosecution of defendant for driving under the influence of intoxicating liquor, although defendant was previously convicted of a similar Missouri charge which was closely related in time. The trial court's dismissal of the driving under the influence charge was erroneous.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

PRAGER, J., dissenting to Syl. ¶ 2 and corresponding portions of the opinion.