(678 P.2d 1132)
No. 55,846

STATE OF KANSAS, *Appellee,* v. GILBERT ALVAREZ, *Appellant.*

Opinion filed March 29, 1984.

*Ward P. Ferguson,* of Weelborg, Embers & Ferguson, Chtd., of McPherson, for appellant.

*John B. Klenda,* county attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

MEYER, J.: Appellant Gilbert Alvarez (defendant) appeals from his conviction of theft, K.S.A. 21-3701, a class "D" felony.

A pickup truck belonging to Kenneth Nightengale was stolen in McPherson County, Kansas, on January 4, 1983. Defendant was arrested on January 30, 1983, in Sedgwick County, Kansas, after having been seen operating the stolen vehicle.

A complaint was filed in the District Court of McPherson County, charging appellant with the theft of the pickup, contrary to K.S.A. 21-3701(*a*). Defendant was arraigned in McPherson County, and a preliminary hearing was held there, at the close of which defendant was bound over for trial on the original theft charge.

On April 7, 1983, information came to light which indicated that defendant had first come into possession of the stolen vehicle in Sedgwick County. Based on this information, the State moved on April 12, 1983, for leave to amend the complaint against defendant to include the alternative charge of receiving stolen property in Sedgwick County, contrary to K.S.A. 21-3701(*d*). The McPherson County District Court granted this motion over defendant's objections.

Defendant was tried before a jury in the McPherson County District Court on April 19-20, 1983. The jury returned a verdict of "guilty."

Defendant pursued post-trial motions to dismiss and for new trial. These motions were denied. On May 23, 1983, defendant was sentenced pursuant to the Habitual Criminal Act, K.S.A. 1983 Supp. 21-4504, to a term of not less than 9 nor more than 30 years.

The first two issues raised by defendant pose questions concerning jurisdiction and venue. Because of their interrelationship, we will treat these two issues together.

As noted above, the two charges against defendant were brought in the alternative. Examination of Instruction No. 1, the

issue instruction in this case, plainly reveals that the jury could have convicted defendant of theft upon either a finding that he personally stole the truck in McPherson County or a finding that he took possession of it from another, knowing it to be stolen, in Sedgwick County.

Instruction No. 1 reads as follows:

"The defendant is charged with the crime of theft of property of the value of $100.00 or more. The defendant pleads 'not guilty'.

"To establish this charge, each of the following claims must be proved:

1. That Kenneth Nightengale was the owner of the property;

2. That the defendant obtained unauthorized control over the property in McPherson County, Kansas;

or

That the defendant obtained control over the property in Sedgwick County, Kansas, knowing the property to have been stolen by another;

3. That the defendant intended to deprive Kenneth Nightengale permanently of the use or benefit of the property;

4. That the value of the property was $100.00 or more; and

5. That this act occurred on or about the 4th-30th day of January, 1983."

Defendant contends that only Sedgwick County had jurisdiction over the offense of receiving stolen property in Sedgwick County. Thus, it is argued, Sedgwick County was the county where venue should have been placed, and the trial court erred in refusing to order a change of venue to that county when it allowed the inclusion of the alternative charge of receiving stolen property there.

Defendant was charged with and convicted of "theft," as defined by K.S.A. 21-3701. That statutorily created offense is a codified compilation of kindred crimes which were separate offenses at common law: larceny, embezzlement, false pretense, extortion, receiving stolen property, etc. Even though these separate crimes are now consolidated into a single offense, they nonetheless retain some measure of individuality; each requires some difference in proof from all the others. Moreover, these crimes often differ conceptually. For example, it is conceptually impossible for the same person to be both the original thief of, and the receiver of, the same stolen property. Thus, the crimes of larceny and receiving stolen property are mutually exclusive.

Because the crimes of larceny and receiving stolen property are mutually exclusive, it was entirely correct for the prosecution to charge defendant in the alternative. Kansas case law supports such a decision.

"Where there is a question in the mind of the prosecutor as to what the evidence will disclose at trial, the correct procedure is to charge the defendant in the alternative under those subsections of K.S.A. 1979 Supp. 21-3701 which may possibly be established by the evidence. This may properly be done under Kansas law by charging several counts in the information to provide for every possible contingency in the evidence. By so doing, the jury may properly be instructed on the elements necessary to establish the crime of theft under any of the subsections charged and the defendant will have no basis to complain that he has been prejudiced in his defense." *State v. Saylor,* 228 Kan. 498, 503-4, 618 P.2d 1166 (1980).

Furthermore, such leave to amend a criminal complaint should be freely granted at any time before a verdict is rendered, so long as this will not result in prejudice to the substantial rights of the defendant. K.S.A. 22-3201(4), and *State v. Smith,* 225 Kan. 796, 798, 594 P.2d 218 (1979). Defendant has shown no prejudice to his right to a fair trial.

Our conclusion that it was proper to charge defendant in the alternative under various subsections of K.S.A. 21-3701 leaves unanswered, however, the root question of whether venue should have been in Sedgwick County rather than McPherson County.

Generally, venue in a criminal action is placed in the county where the crime occurred. "Except as otherwise provided by law, the prosecution shall be in the county where the crime was committed." K.S.A. 22-2602.

When the charge was larceny, the common law rule permitted venue in either the county where the theft occurred or in any county into which the thief later took the property. 22 C.J.S., Criminal Law § 185(18), p. 480. Kansas has long embraced this rule. See *State v. Wade,* 55 Kan. 693, 694, 41 Pac. 951 (1895); *State v. Karney,* 208 Kan. 677, Syl. ¶ 1, 494 P.2d 1204 (1972); *State v. Stoops,* 4 Kan. App. 2d 130, Syl. ¶ 1, 603 P.2d 221 (1979).

When the charge was receiving stolen property, the common law placed venue in the county where the property was received. 22 C.J.S., Criminal Law § 185(22), p. 483; *State v. Rider,* 46 Kan. 332, 26 Pac. 745 (1891).

The evidence in this case would not support a finding that defendant received the stolen property in any county other than Sedgwick. Nevertheless, the trial court ruled that defendant's trial on the charge of receiving stolen property could be held in McPherson County. In so ruling, the court relied on K.S.A. 22-2609, which provides:

"When property taken in one county by theft or robbery has been brought into another county, the venue is in either county."

The trial court reasoned that this statute allows a defendant to be tried for receiving stolen property in either the county in which the property was received by the defendant or in the county where it was originally stolen by someone else. We disagree.

K.S.A. 22-2609 is simply a statutory statement of the general rule that a charge of larceny may be prosecuted in the county where the theft occurred, or in any other county into which the thief has brought the property. That statute was not intended to expand that general rule by allowing one to be prosecuted for receiving stolen property in any county other than that where the property was allegedly received.

Under K.S.A. 22-2609, if the charge of larceny only had been brought in the instant case, it could have been brought in either McPherson or Sedgwick County, the former being where the larceny occurred, and the latter being where the property was recovered. Furthermore, defendant could have been convicted of larceny in either county, based solely on proof of the theft and defendant's subsequent possession of the stolen property. See 52A C.J.S., Larceny § 105, p. 586; *State v. Bartholomew*, 116 Kan. 590, Syl. ¶ 2, 227 Pac. 366 (1924); and *State v. Mansaw*, 3 Kan. App. 2d 19, 21, 587 P.2d 1279 (1978).

On the other hand, if the charge of receiving stolen property only had been brought, then venue would be in Sedgwick County, for that county had the only evidentiary connection with the crime of receiving stolen property. *State v. Rider*, 46 Kan. 332. As we noted above, K.S.A. 22-2609 does not alter this conclusion. Neither does K.S.A. 22-2603, which provides:

"Where two or more acts are requisite to the commission of any crime and such acts occur in different counties the prosecution may be in any county in which any of such acts occur."

This statute has no application to the instant case, because all of the acts necessary to constitute the crime of receiving stolen property occurred in Sedgwick County. Thus, for a prosecution for that crime alone, Sedgwick County, and only Sedgwick County, would be the proper place of venue.

Once having made the foregoing determinations, it becomes immediately apparent that Sedgwick County would be the only jurisdiction having proper venue over both charges if each were

to be brought separately. From this, it follows that Sedgwick County was the only jurisdiction having proper venue over both charges when both were brought together. McPherson County did not acquire venue of the receiving stolen property charge simply because it was the county from which the property was originally stolen. Thus, the ultimate conclusion is that defendant's case should have had a change of venue to Sedgwick County when the complaint was amended to include the alternative charge of receiving stolen property in that county.

Kansas law holds that venue in a criminal action is jurisdictional. *State v. Moore,* 226 Kan. 747, 750, 602 P.2d 1359 (1979). We conclude that defendant's conviction in McPherson County must be set aside, due to the fact that McPherson County lacked jurisdiction over the charge of receiving stolen property. Despite the fact that venue of one of the alternative charges against defendant was in McPherson County, we reach this conclusion for two reasons.

First, at the hearing on his post-trial motion to dismiss, defendant presented the trial court with the affidavit of Griff Hawkinson, who had served as foreman of the jury in this case. Mr. Hawkinson stated that the jury had found defendant guilty of receiving stolen property in Sedgwick County. The affiant specifically averred that the jury did not find defendant guilty of the actual taking in McPherson County. Based on this affidavit, we have no hesitancy in concluding that defendant was found guilty in the McPherson County District Court of a crime which was committed wholly in Sedgwick County.

Second, even in the absence of the foreman's affidavit, we would still be obliged to set aside defendant's conviction. As we have stated previously, the issue instruction herein was framed in the alternative. The verdict form filed by the jury stated only that it had found defendant "guilty"; it did not specify on its face which of the alternative charges the jury had relied upon. Thus, it is possible the jury convicted defendant based on the charge of receiving stolen property in Sedgwick County. This possibility rises to the degree of probability when one studies the transcript of the trial. Virtually all of the evidence presented by the State concerned defendant's activities in Sedgwick County. That the State pursued the charge of receiving stolen property with the greater vigor is entirely understandable. The evidence support-

ing that charge was much more direct and persuasive than the mere circumstances supporting the alternative charge of larceny. Despite our understanding of the State's actions, the facts herein are such that we would conclude, even in the absence of the aforementioned affidavit, that there was a substantial likelihood that defendant was convicted of a crime over which the trial court lacked jurisdiction.

We have not overlooked the numerous other claims of error herein. However, because we reverse this case on other grounds, we deem it unnecessary to elaborate on these additional issues.

In conclusion, we hold that venue of the crime of receiving stolen property in Sedgwick County was erroneously placed in McPherson County. Thus, McPherson County lacked jurisdiction over that offense, and defendant's conviction must be reversed and the case remanded to the McPherson County District Court, with directions to set aside the judgment of conviction herein and to dismiss the case for want of jurisdiction.

Reversed and remanded with directions.