No. 61,628

STATE OF KANSAS, *Appellant,* v. GUY V. HENWOOD, *Appellee.*

(756 P.2d 1087)

 Opinion filed
June 3, 1988. 

*Mona Furst,* assistant district attorney, *Clark V. Owens,* district attorney, and *Robert T. Stephan,* attorney general, were on the brief for appellant.

*Cheryl J. Roberts,* assistant public defender, was on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an appeal by the State pursuant to K.S.A. 1987 Supp. 22-3602(b)(1) from the district court's granting of the defendant's motion to dismiss one count of theft, K.S.A. 1987 Supp. 21-3701(a).

The facts are not in dispute. The defendant failed to return the 1979 Chevrolet Monte Carlo which he borrowed from a friend on December 16, 1986. On December 30, 1986, the defendant was charged in Clay County, Missouri, with receiving the stolen 1979 Chevrolet Monte Carlo, pursuant to Mo. Rev. Stat. § 570.080 (1986). On the next day, the defendant was charged with theft of the same 1979 Monte Carlo in Sedgwick County, Kansas, pursuant to K.S.A. 1987 Supp. 21-3701(a). On February 11, 1987, the defendant pled guilty in Missouri to an amended misdemeanor charge of receiving stolen property and was sentenced to one year in the county jail and costs. The defendant moved to dismiss the complaint filed in Sedgwick County on September 4, 1987, asserting double jeopardy pursuant to K.S.A. 21-3108(3)(a). The district court granted defendant's motion and dismissed the case. The State appeals from the dismissal.

The sole issue before this court on appeal is whether the prosecution of the defendant for theft is barred by K.S.A. 21-3108, which provides, in part:

"(3) A prosecution is barred if the defendant was formerly prosecuted in a district court of the United States or in a court of general jurisdiction of a sister state or in the municipal court of any city of this state for a crime which is within the concurrent jurisdiction of this state, if such former prosecution:

"(a) Resulted in either a conviction or an acquittal, and the subsequent prosecution is for the same conduct, unless each prosecution requires proof of a fact not required in the other prosecution, or the offense was not consummated when the former trial began."

The State makes two arguments in support of its position that prosecution of the defendant in the present case is not barred by K.S.A. 21-3108(3)(a). First, the State argues that the statute has no application in the present case since Kansas did not have "concurrent jurisdiction" over the crime prosecuted in Missouri. Second, the State argues that the Kansas crime of theft as defined by K.S.A. 1987 Supp. 21-3701(a), and the Missouri crime of receiving stolen property, in violation of Mo. Rev. Stat. § 570.080, both require "proof of a fact not required in the other prosecution."

The State correctly points out that, under Kansas law, a person may not be convicted of both theft and receiving stolen property on the same set of circumstances. To be convicted of receiving stolen property pursuant to K.S.A. 1987 Supp. 21-3701(d), the property must have been stolen by another and, therefore, the two crimes are mutually exclusive. See *State v. Alvarez*, 9 Kan. App. 2d 371, 373, 678 P.2d 1132, *rev. denied* 235 Kan. 1042 (1984). For that reason, the State argues that the Sedgwick District Court would not have had concurrent jurisdiction with the Missouri court for the crime of receiving stolen property.

We do not agree with the State's interpretation of the term "concurrent jurisdiction." While Kansas law would prevent a conviction of a defendant for *both* theft *and* receiving stolen property, a Kansas court would still have jurisdiction to convict a person of either crime. The concept of concurrent jurisdiction was discussed in *State v. Russell*, 229 Kan. 124, 622 P.2d 658 (1981). In *Russell*, this court held that K.S.A. 21-3108(3)(a) did not prevent the conviction of a defendant for driving under the influence of alcohol, although he had been previously convicted for the same crime in Missouri. This court found that, in driving

under the influence of alcohol in both states, the defendant had committed two separate crimes, and neither Kansas nor Missouri would possess concurrent jurisdiction over the crime occurring in the other state. This court said:

"Under such circumstances, does the District Court of Johnson County, Kansas, have concurrent jurisdiction with the Circuit Court of Jackson County, Missouri? We think not. *The concept of concurrent jurisdiction entails two different courts having jurisdiction over the subject matter of the controversy and either court being a proper forum for its resolution.* [Citation omitted.]

"The issue before the Kansas court on trial of this charge would be whether defendant drove a vehicle in Kansas while under the influence of intoxicating liquor. Whether defendant may have committed a similar crime in Missouri is wholly immaterial to the Kansas case. The two crimes are separate and complete within themselves." (Emphasis added.) 229 Kan. at 131.

Our decision in *Russell* was based upon the "rather unique" nature of the crime of driving under the influence, as compared with other crimes. We explained the difference:

"If the Kansas prosecution is barred by defendant's plea of guilty in the Missouri court, it is only by virtue of the provision of K.S.A. 1979 Supp. 21-3108(3). In order for the statute to bar the Kansas prosecution the Kansas court herein must have concurrent jurisdiction with the Circuit Court of Jackson County, Missouri. The same conduct must give rise to both prosecutions with no additional fact being necessary to prove the prosecution—there must be a substantial identity of the crimes. The statute readily applies to crimes such as kidnapping and conspiracy, parts of which by their very nature can occur in different locations. The fact part of a single kidnapping occurs in Kansas and part occurs in Missouri would not be considered two kidnappings in applying the statute.

"Driving under the influence, however, is a rather unique crime. The proscribed conduct is the doing of a particular act while in a particular condition—yet, neither the act nor the condition, alone, is illegal. To convict, the prosecution must prove both the act and the condition. The drinking of intoxicating liquor is not the crime and the State does not have to prove when and where the same was consumed. The offense may be commenced and completed in less than one minute. . . . Conviction of the offense must rest upon proving both the act and the condition occurred at a particular place and time." 229 Kan. at 130-31.

However, unlike the crime of driving under the influence, the conduct for which the State now seeks to prosecute the defendant is identical to the conduct for which he was previously prosecuted by the State of Missouri. In both cases, the defendant is alleged to have stolen a 1979 Chevrolet Monte Carlo. The Missouri prosecution alleged no additional facts, since Missouri

law permits a defendant to be convicted for receiving previously stolen property. Mo. Rev. Stat. § 570.080. Although, under Kansas law, the Sedgwick District Court could not have convicted the defendant of both theft and receiving stolen property, the definition of concurrent jurisdiction is not limited to the ability of the court to convict a defendant upon a specified charge. Rather, under our decision in *Russell*, concurrent jurisdiction exists when two separate courts possess "jurisdiction over the subject matter of the controversy and either court [is] a proper forum for its resolution." 229 Kan. at 131. In the present case, the subject matter of the controversy was the same for both the Missouri and Kansas prosecutions: one 1979 Chevrolet Monte Carlo, and both Kansas and Missouri had jurisdiction to prosecute.

The State's second argument is no more persuasive than the first. The State argues that the Missouri crime of receiving stolen property and the Kansas crime of theft contain separate elements. According to the State's position, the Missouri crime of receiving stolen property requires proof of the following elements:

"1) Receiving, retaining or disposing of
2) the property of another
3) intending to deprive the owner
4) occurring within the State of Missouri and done
5) with the knowledge that the property was stolen, or under circumstances where the defendant should have known it was stolen."

The Kansas crime of theft requires proof of the following elements:

"1) Obtaining or exertion of unauthorized control over
2) the property of another
3) intending to permanently deprive them of their property
4) within the State of Kansas."

It is apparent that all of the elements of theft required by Kansas law are contained within the Missouri crime of receiving stolen property, with one exception. The State asserts that Kansas law requires proof that the theft occur "within the State of Kansas" as an element of that crime.

We find two problems with the State's position. First, in listing the requirements for the proof of theft in Kansas, the State cites

only to the theft statute, K.S.A. 1987 Supp. 21-3701(a). This statute does not independently require that the theft occur within the State of Kansas. Kansas statutory law does provide limitations upon the territorial application of its criminal code. However, it does not require proof that the crime was committed entirely "within the State of Kansas." K.S.A. 21-3104(1) requires that a defendant have some connection with the State of Kansas in order to permit a prosecution of that person for violations of the Kansas Criminal Code. However, this connection does not require proof that the crime be committed "within the State of Kansas," as asserted by the State. Rather, the territorial requirements of K.S.A. 21-3104(1)(a) are satisfied if the defendant "commits a crime wholly *or partly* within this state." (Emphasis added.) The Judicial Council's comment to this section states:

"Subsection (1)(*a*) applies where all or part of a crime is committed in the state. Where the entire crime is committed in Kansas, there is no problem of jurisdiction. However, this subsection, as amplified by subsection (2) makes it clear that the state has jurisdiction where any element or the result of the crime occurs in Kansas. *Under (1)(a) two states may have concurrent jurisdiction over the same crime.*" (Emphasis added.)

Thus, from a factual standpoint, the State's argument that the Kansas crime of theft contains an additional element not contained within the Missouri crime of receiving stolen property is incorrect. The State need not prove that the defendant committed the theft solely within the State of Kansas, but need only prove that "a constituent and material element" of the crime of theft occurred within this state. K.S.A. 21-3104(2).

A second and even more persuasive reason exists for rejecting the State's argument. Essentially, the State has grafted onto the substantive requirements of the Missouri and Kansas crimes the venue and territorial jurisdictional requirements of each jurisdiction. The State then argues that, because each state's crime has separate elements (the separate venue requirements), therefore each crime requires proof of a fact not required in the other, and K.S.A. 21-3108(3)(a) does not bar a second prosecution of the defendant in Kansas. The State's method of analysis is merely a method of circumventing the requirements of K.S.A. 21-3108(3)(a), and would in essence nullify any application of the statute. The general requirements of venue and territorial juris-

diction apply to all of the crimes designated in the Kansas Criminal Code. The position advocated by the State would permit any prosecutor to ignore the requirements of K.S.A. 21-3108(3)(a) and prosecute a defendant for a crime for which he has been formerly prosecuted in another jurisdiction simply by arguing that the two jurisdictions contain separate venue requirements and that, therefore, each crime requires proof of a fact not required in the other prosecution. To accept the State's argument, we would have to conclude the legislature passed K.S.A. 21-3108(3) intending that it have no effect on existing Kansas law. To the contrary, the intent was to substantially change existing Kansas law, as indicated by the Judicial Council notes to this section:

"Subsection (3) provides a bar to subsequent prosecution in case of prior prosecution in another jurisdiction or in a municipal or police court of this state.

"In the absence of statute, the rule against double jeopardy does not apply as between separate sovereignties. Generally, a prosecution in the federal court or in the courts of another state will not bar a prosecution in Kansas, based on the same conduct. However, there are exceptions. Former K.S.A. 21-104 provided that persons charged with stealing or robbing in another state and bringing stolen property into Kansas could plead a former conviction or acquittal in another state, territory or country. Former K.S.A. 65-2520 made conviction or acquittal under the federal narcotics laws a bar to prosecution under state law for the same unlawful conduct. Hence, the section is not without precedent in Kansas law.

"Under this section, an acquittal or conviction in a federal court or a court of any other state or a municipal or police court of this state having concurrent jurisdiction would bar a prosecution in Kansas based on the same conduct. Also, the section makes *res judicata* applicable between jurisdictions."

The "separate sovereignties" doctrine, except for the exceptions noted, was the law in Kansas prior to the enactment of K.S.A. 21-3108. *Earwood v. State*, 198 Kan. 659, 426 P.2d 151 (1967).

K.S.A. 21-3108 serves to bar, as a general rule, subsequent prosecutions in Kansas for crimes which have been formerly prosecuted in other jurisdictions. The statute implicitly recognizes that the venue requirements of Kansas and the other jurisdiction will be different, and the clause in the statute which provides that a subsequent prosecution in Kansas may be undertaken where "each prosecution requires proof of a fact not required in the other prosecution" cannot be interpreted to include the separate venue requirements of Kansas and the other jurisdiction. K.S.A. 21-3108(3)(a). Otherwise, the bar to prosecu-

tion provided by the statute would become a nullity and the protection afforded by the statute would become meaningless.

The State makes one final argument in support of its appeal. The State cites *Heath v. Alabama,* 474 U.S. 82, 88 L. Ed. 2d 387, 106 S. Ct. 433 (1985), and states the holding in that case "is contrary to K.S.A. 21-3108(3)(a) which explicitly allows a bar to prosecution in this case. The law of the states must, however, defer to the ultimate authority of the constitution. *City of Baxter Springs v. Bryant,* 226 Kan. 383, 385-86, 598 P.2d 1051 (1979)."

In *Heath,* the United States Supreme Court held that the double jeopardy protections of the federal Constitution did not prohibit successive state prosecutions for the same crime. The Supreme Court held that, because the states were separate sovereigns, each could independently, and successively, punish a defendant for the same crime arising from the same series of actions.

We assume the State is arguing that K.S.A. 21-3108(3) is unconstitutional. It is true that, in *Heath,* the Supreme Court held that separate states have the *power* to successively prosecute crimes which have been previously prosecuted by separate sovereigns. However, neither *Heath* nor any other decision of the United States Supreme Court has held or intimated that a state is *required* by the United States Constitution to do so. The essence of *Heath* and all other decisions of the United States Supreme Court applying the dual sovereignty doctrine is that separate sovereigns have the right and the option to subsequently prosecute a defendant for a crime for which he has formerly been prosecuted by another sovereign, but are not required to do so. The State has not cited any authority nor are we aware of any that suggests the decision of a state legislature to waive, by statute, that right and option is unconstitutional. We find no merit in the State's argument.

We conclude that K.S.A. 21-3108(3) bars the prosecution of the defendant for theft of the 1979 Chevrolet Monte Carlo in the Sedgwick District Court based upon his conviction in the Circuit Court of Clay County, Missouri, of receiving the same 1979 Chevrolet Monte Carlo.

The judgment of the district court is affirmed.