NOT DESIGNATED FOR PUBLICATION

No. 122,946

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANGELO C. PALERMO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed August 27, 2021. Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Valerie D. Hansen*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM:  Angelo Palermo was driving while intoxicated on U.S. 50 Highway. A sheriff deputy noticed that he was driving in the passing lane and under the posted speed limit. The deputy tried to initiate a traffic stop but Palermo failed to stop his vehicle for about 3 miles. Before stopping his vehicle, Palermo turned onto a dirt road, slowed down, and swapped seats with his passenger while the vehicle was still in motion. The State charged Palermo with DUI, fleeing or trying to elude police, and other offenses. After a jury trial, Palermo was found guilty on all charges. On appeal, Palermo argues there was insufficient evidence to support his conviction for fleeing or attempting to elude police. We affirm the conviction.

1

FACTUAL AND PROCEDURAL BACKGROUND

On September 22, 2018, around 11 p.m., Deputy Mikel Bohringer noticed a truck driving 51 miles per hour on a section of U.S. 50 Highway where the speed limit was 65 miles per hour. The truck was driving in the passing lane. Deputy Bohringer tried to begin a traffic stop but the vehicle did not immediately pull over. After the truck did not pull over, Deputy Bohringer altered the pattern of his siren and shade of his lights to ensure the driver of the truck saw and heard him. While following the truck, Deputy Bohringer observed the driver commit several traffic infractions. The truck continued driving at speeds between 50 and 60 miles per hour.

After driving roughly 3 miles, the driver turned onto a dirt road and proceeded for another tenth of a mile at around 6 miles per hour. Deputy Bohringer was still behind the vehicle and observed the driver of the truck swap seats with the passenger while the vehicle was in motion. The new driver eventually brought the truck to a stop.

Deputy Bohringer contacted the initial driver, Angelo Palermo, and noticed that he seemed very nervous. While speaking with Palermo, Deputy Bohringer smelled an odor of alcohol coming from Palermo.

The State charged Palermo with driving under the influence, fleeing or trying to elude a law enforcement officer, driving while suspended, illegal transportation of liquor, and failure to drive in the right lane. After a jury trial, Palermo was found guilty of all charges.

The district court sentenced Palermo to a controlling jail term of 12 months, although he was allowed to serve 2 days in custody, followed by 90 days of house arrest, and then probation for another 9 months.

2

Palermo timely appeals.

ANALYSIS

WAS THERE SUFFICIENT EVIDENCE TO SUSTAIN PALERMO'S CONVICTION FOR FLEEING OR ATTEMPTING TO ELUDE?

*Standard of Review*

> "'When sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.'" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

*Discussion*

Palermo's sole argument on appeal is that there was insufficient evidence to sustain his conviction for fleeing or attempting to elude a police officer because no evidence showed that Palermo committed the actions willfully. It is Palermo's contention that without evidence of evasive steps taken by him, the conviction cannot stand.

Under K.S.A. 2018 Supp. 8-1568(a)(1), "[a]ny driver of a motor vehicle who willfully fails or refuses to bring such driver's vehicle to a stop for a pursuing police vehicle . . . when given visual or audible signal to bring the vehicle to a stop" is guilty of fleeing or attempting to elude. The court's jury instruction adhered to that provision and stated that to find Palermo guilty of fleeing or attempting to elude the officer, the jury must find he committed the acts willfully.

As the Kansas Supreme Court has noted, to violate K.S.A. 8-1568 "one needs only to ignore the activated emergency equipment on the police vehicle." *State v. Russell*, 229

Kan. 124, 127, 622 P.2d 658 (1981). Here, viewing the evidence in a light most favorable to the State, a rational fact-finder could have found that Palermo willfully failed or refused to stop his vehicle after Deputy Bohringer activated his emergency equipment to effect the traffic stop. Palermo continued traveling on the highway for roughly 3 miles before turning onto a dirt road, slowing down, and swapping seats with his passenger. Given the circumstances, a rational fact-finder could view Palermo's actions as a willful failure to stop. See *State v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016) (noting that a verdict may be supported by circumstantial evidence if the evidence provides a basis for a reasonable inference by the fact-finder).

Affirmed.