Lee Andrew WILLIAMS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 16216.

United States Court of Appeals
Ninth Circuit.

March 27, 1959.

Rehearing Denied April 24, 1959.

---

Taylor & Taylor, Warren A. Taylor, Fairbanks, Alaska, Fred D. Crane, Kotzebue, Alaska, O. W. Douglas, San Francisco, Cal., for appellant.

Russell R. Hermann, U. S. Atty., Nome, Alaska, for appellee.

Before POPE and ORR, Circuit Judges, and YANKWICH, District Judge.

ORR, Circuit Judge.

A grand jury empaneled in the District Court for the District of Alaska, Second Division, on the 18th day of February 1958, returned two indictments against appellant. Indictment 1631 charged him with obstructing justice. Indictment 1632 charged him with statutory rape. The court ordered the two indictments consolidated for trial. Thereafter trial was had and a verdict of guilty returned on each and judgments entered thereon.

Appellant has appealed from each judgment.

Specifications of error are contained in appellant's opening brief, however some of the alleged errors most earnestly argued are not specified and others while specified are not argued. Although we do not wish to be understood as condoning the practice of considering errors not specified, we have under the general situation of this case decided not to rigidly hold to the rule.

Appellant first attacks the consolidation for trial of the two indictments. Objection to such consolidation was duly made as was also a motion for severance.

The argument is made that the instant case does not come within the rules permitting consolidation in the Federal Rules of Criminal Procedure, 18 U.S.C.A. Rule 13 provides that "the court may order two or more indictments * * * to be tried together if the offenses * * * could have been joined in a single indictment * * *" and rule 8 provides that "two * * * offenses may be charged in the same indictment * * * if the offenses charged * * * are based * * * on two or more acts or transactions connected together * * *." In ordering consolidation the trial court had a wide discretion.[1] Davis v. United States, 5 Cir., 1945, 148 F.2d 203, certiorari denied 325 U.S. 888, 65 S.Ct. 1570, 89 L.Ed. 2001; 4 Barron, Federal Practice & Procedure § 2001 and cases cited therein. To justify the setting aside of such an order there must appear some indication that such discretion was abused. United States v. Antonelli Fireworks Co., 2 Cir., 1946, 155 F.2d 631, certiorari denied 329 U.S. 742, 67 S.Ct. 49, 91 L.Ed. 640.

A consideration of the relevant facts is necessary in order to determine whether they fit within the pattern of the rules on consolidation. The record discloses that appellant while attending a dance at Fort Barrow, Alaska, met a 15 year old girl whom he induced to accom-

---

1. Rules 8 and 13 are substantially a restatement of the prior law contained in 18 U.S.C.A. § 557. See the revisor's note.

pany him to a hotel where he indulged in an act of sexual intercourse with her. Subsequently while being interrogated by a peace officer on another matter the girl complained and made a statement, which the officer reduced to writing, that appellant had had sexual intercourse with her. The officer caused a criminal complaint charging statutory rape to be lodged with a commissioner. Appellant was arrested, waived preliminary hearing and was held to answer to the charge before the district court. He was enlarged on bail. Before any proceedings were had in the district court appellant visited the girl and induced her to make an affidavit repudiating the story she had told the officers and denying that she had had sexual intercourse with appellant. It was on this induced change of story that the charge of obstructing justice was based.

It is evident that in order to establish the charged crime of obstructing justice the facts relating to the rape charge, the details of which were given to the officer in a written statement, would of necessity be brought out at the trial in order to show what changes the girl was induced to make in the repudiating affidavit. The proof of one crime was so interwoven with proof of the other and so closely connected that a separation of the evidence was not possible thus bringing the case well within the permission for consolidation contained in rules 8 and 13, supra, that is, "(the) two offenses charged * * * (were) based on two or more acts or transactions connected together." The public interests of economy and speed weigh in favor of trying these closely related charges together, especially where, as here, no prejudice to defendant appears. United States v. Smith, 2 Cir., 1940, 112 F.2d 83.[2]

■ The second alleged error which appellant argues is that the testimony of witness Walter Sinn should have been excluded because it was hearsay and not admissible as part of the res gestae.

Witness Sinn was the officer to whom the girl made complaint. He testified to the effect that he was the officer that investigated the complaint made by the girl. He identified a statement made to him by the girl and which he had reduced to writing. This written statement had theretofore been introduced in evidence by defendant Williams as defendant's exhibit 1. He testified that he caused the girl to consult a doctor, and that he signed the complaint against Williams.

We find no evidence in the record of witness Sinn having said anything about what the girl had said to him, and even so, a record of the entire conversation with and statements made to Sinn by the girl was before the jury having been placed there by the defendant when he introduced the written document thus rendering the general statements subsequently made by Sinn completely innocuous insofar as being prejudicial is concerned.

■ A third alleged error urged by appellant is that the District Attorney committed prejudicial error during his argument to the jury by questioning the veracity of defendant's testimony. A transcript of the argument is not in the record. The sole source of our information as to what was said is contained in a transcription of the trial court's statement in relation thereto. The trial court stated that the exact remarks of the district attorney on his first reference to the veracity of appellant was not placed in the record, but the recollection of the court and of counsel was to the effect that the district attorney stated he "believed (referring to appellant) that the witness was lying." At this point counsel for appellant made an objection which was sustained. No admonition to disregard was given. The district attorney in a later reference to appellant's testimony

2. "While unlimited use of this statute should not be tolerated in the name of convenience alone, consolidation should be permitted where, as here, the charges are so closely connected that all the evidence produced in court would have been admissible if any one of the indictments had been brought to trial alone." United States v. Smith, supra at page 85.

said "I think the evidence shows the defendant was testifying falsely and was trying to mislead you." No objection was made to this statement.

We think both statements were within a permissible area allowed the district attorney in drawing and stating his inferences from the evidence in the case. He was merely giving the jury the benefit of his opinions of the "veracity of the witnesses * * * and weight of the testimony presented." Hallinan v. United States, 9 Cir., 1950, 182 F.2d 880, 885.

We find the conviction for statutory rape to have been legally charged and the trial on said charge to have been conducted without reversible error. The judgment on that indictment is affirmed.

As to the indictment and conviction on the obstruction of justice charge we reach a different conclusion.

The Alaska Statute under which the charge was made is set out in the margin.[3] It is patterned after and almost identical in form with 18 U.S.C.A. § 1503, the differences being the language relating it to Alaska. It will be noted that the statute in its relevant parts requires that one violating it must have endeavored to corrupt a witness in the District Court of Alaska, or before any United States Commissioner, or have en-

deavored to corrupt an officer of the court.[4]

The indictment in the instant case charges that appellant "corruptly influenced a child under the age of sixteen, to make a false sworn statement to Jack D. Baker, in which sworn statement the said * * * (child) did falsely state * * * etc. That the said Lee Andrew Williams at the time of the aforesaid was held to answer to the grand jury by the United States Commissioner for the Barrow Precinct for the crime of rape as set out in the complaint, and that said complaint was signed by a Territorial Police Officer, who had taken the statement from * * * (the girl) in which she had stated that Lee Andrew Williams had carnal knowledge of her, and that said policeman, in part based his complaint on such statement."

Nowhere is it alleged in the indictment that the girl was or was intended to be a witness at any trial or appearance before a Court, Commissioner, or Magistrate. She did not sign a complaint; she did not appear before the commissioner when the defendant was bound over to the grand jury. It was not alleged that she was to be a witness before the grand jury, which had not at the time convened to consider the charge, or

---

3. "Influencing witnesses, judges or jurors: Obstructing administration of justice. Whoever corruptly, or by threats or force, or by any threatening letter of communication, endeavors to influence, intimidate, or impede any witness, in the District Court of the District of Alaska or before any United States Commissioner or other committing magistrate, or any grand or petit juror, Judge, or officer in or of the District Court of the District of Alaska, or officer who may be serving at any examination or other proceeding before any United States Commissioner, or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any

such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officers, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats of force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct or impede the due administration of justice, shall, upon conviction, be fined not more than $5,000 or imprisoned not more than five years, or both." Alaska Compiled Laws, § 65-7-29.

4. The general language at the end of the statute has been construed as relating solely to the earlier specific language in a case involving the comparable 18 U.S.C.A. § 1503. Haili v. United States, 9 Cir., 1958, 260 F.2d 744.

that she was a prospective witness at a trial if one were had. An indictment must be specific in its charges and necessary allegations cannot be left to inference, the inference here being that the girl being the injured party her evidence would be necessary to prove the charge.

 Appellee cites two cases in support of its contention that the indictment states a criminal offense and that the proof produced is sufficient to sustain the charge. Appellee states that these cases hold that it is unnecessary to be under subpoena to be a witness. We agree that a subpoena is not a prerequisite for a person to be a witness within the meaning of the statute, but the cases cited go no further to support appellee and in fact support our conclusion that the judgment of conviction for obstructing justice must be reversed. We quote from the first cited case, Walker v. United States, 8 Cir., 1938, 93 F.2d 792: "It was not necessary to prove that she had been subpoenaed. She was such a witness if she then intended to testify on the trial of the case then pending in the District Court. * * * *There is no evidence that she so intended.* Counsel for the government say that the evidence shows that she had been interviewed by a government investigator and that she had told him that the ballots had not been counted on election day supports the inference that she intended to testify. But under the circumstances of this case, such an inference is not warranted. She did not say she would testify. The government investigator did not ask her to testify." 93 F.2d at page 795, emphasis added. The court proceeded to hold that no retrospective inferences could be drawn from the fact that the person there did become a witness. It reversed the judgment of conviction.

The second case urged by appellee for the same proposition that a person need not be under subpoena to be a witness is Odom v. United States, 5 Cir., 1941, 116 F.2d 996. In that case the person threatened and beaten was in fact a witness at the time, having testified in court just prior to his intimidation. Thus it is readily distinguishable from the situation here.

There was an attempt on oral argument to uphold the indictment on the ground that it was an officer of the court, the United States Attorney, whom it was sought to corrupt. The indictment does not so charge. It charges an attempt to corrupt the girl to make a false statement in order to get the charge dismissed, but does not say how this was to be accomplished. The indictment is fatally defective in not charging the offense of obstructing justice on such theory.

The judgment of conviction of appellant for obstructing justice is reversed.

The judgment of conviction of appellant on the charge of statutory rape is affirmed.