(118 P.3d 708)

No. 92,236

No. 92,237

STATE OF KANSAS, *Appellee,* v. PAUL W. PAREDES, *Appellant.*

Opinion filed September 2, 2005.

*Virginia Girard-Brady,* assistant appellate defender, for appellant.

*Laura E. Allen* and *Vernon E. Buck,* assistant county attorneys, *Marc Goodman,* county attorney, and *Phill Kline,* attorney general, for appellee.

Before MCANANY, P.J., GREEN, J., and LARSON, S.J.

GREEN, J.: Paul Paredes appeals from his convictions by guilty plea in case numbers 03 CR 131 and 03 CR 498. Paredes' sole argument on appeal is that his defense counsel was ineffective for failing to request consolidation of his cases under K.S.A. 22-3203. Nevertheless, we determine that Paredes' argument lacks merit

because he has failed to meet either prong of the test for ineffective assistance of counsel. The record indicates that if Paredes' counsel had requested consolidation of the two cases, this conduct would have been prejudicial to Paredes as it would have strengthened the State's case against him. Thus, the failure by Paredes' counsel to request consolidation was not deficient. Moreover, Paredes has failed to establish that even if his counsel had requested consolidation, the trial court would have consolidated the complaints under K.S.A. 22-3203 and K.S.A. 22-3202(1). Therefore, Paredes has not shown that he was prejudiced by his counsel's conduct. Accordingly, we affirm.

In October 2003, Paredes pled guilty to residential burglary in violation of K.S.A. 21-3715 in case number 03 CR 498. In addition, Paredes pled guilty to aggravated escape from custody in violation of K.S.A. 2002 Supp. 21-3810 and residential burglary in violation of K.S.A. 21-3715 in case number 03 CR 131. Before the trial court accepted the guilty pleas, Paredes indicated that he understood the possible penalties for the three offenses to which he was pleading guilty, that he had been satisfied with his attorney's services, and that he did not have any complaints concerning his attorney's representation.

Paredes' guilty pleas resulted from a written plea agreement entered into with the State. Under the plea agreement, the State agreed to dismiss the charge of theft of property with a value of less than $500 in case number 03 CR 131. The State also agreed to dismiss all other charges in case number 03 CR 498, which included four other counts of burglary of a dwelling, one count of criminal damage to property with a value between $500 and $25,000, four counts of theft of property with a value between $500 and $25,000, one count of criminal damage to property with a value of less than $500, and one count of possession of stolen property with a value between $500 and $25,000. Moreover, the State agreed to dismiss all charges in two other cases, 03 CR 112 and 03 CR 129.

Paredes was sentenced in both 03 CR 131 and 03 CR 498 on February 4, 2004. The presentence investigation reports indicated that Paredes fell within the presumptive probation category on his

convictions. Nevertheless, the trial court found that the crimes in both cases were committed while Paredes was incarcerated or on probation or supervised release. In addition, the residential burglaries in the two cases occurred when Paredes had a prior burglary conviction. Therefore, the trial court determined that it could order Paredes to serve his sentence.

In 03 CR 131, the trial court ordered Paredes to serve consecutively an aggravated sentence of 29 months for the residential burglary conviction and a standard sentence of 8 months for the aggravated escape from custody conviction. In 03 CR 498, the trial court ordered Paredes to serve an aggravated sentence of 29 months for the residential burglary conviction. Between the two cases, Paredes was sentenced to a controlling term of 66 months in prison.

The sole issue raised by Paredes on appeal is that his counsel was ineffective for failing to request consolidation of his cases under K.S.A. 22-3203. Paredes brings his ineffective assistance of counsel claim for the first time on appeal; he asserts that the instant case presents a unique situation in which the question of ineffective assistance of counsel can be decided upon the record alone. Paredes maintains that there is no need for further inquiry or investigation because the alleged error was unreasonable per se.

Generally, an allegation of ineffective assistance of counsel will not be considered for the first time on appeal. *State v. Gleason*, 277 Kan. 624, 647, 88 P.3d 218 (2004). Nevertheless, the appellate court can consider the new issue of ineffective assistance of counsel under certain circumstances. See *State v. Jones*, 273 Kan. 756, 785, 47 P.3d 783, *cert. denied* 537 U.S. 980 (2002) (record on appeal is sufficiently complete); *State v. Jenkins*, 257 Kan. 1074, 1079-80, 898 P.2d 1121 (1995) (conflict of interest claim considered when all facts are contained in record).

In *State v. Carter*, 270 Kan. 426, 14 P.3d 1138 (2000), our Supreme Court determined that the record was sufficient to consider the defendant's ineffective assistance of counsel claim that was raised for the first time on appeal. In so deciding, our Supreme Court stated the following:

"As a general rule, we would not consider a defendant's assertion of ineffective assistance of counsel before the trial court has had an opportunity to assess the performance of counsel. [Citation omitted.] However, such assessment by the trial court is not necessary where the record on appeal is sufficiently complete for this court to decide the issue in a direct appeal. Here, the acts of counsel that Carter relies on are not disputed and are clearly reflected in the record. It would serve no purpose to remand to resolve the issue. The record on appeal is sufficient for this court to consider Carter's constitutional claims, including ineffective assistance of counsel." 270 Kan. at 433.

Here, there is no dispute concerning Paredes' assertion that his defense counsel did not request consolidation of his cases. The record is sufficiently complete for this court to decide Paredes' ineffective assistance of counsel argument. We see no reason to remand the case to the trial court for consideration of the issue.

In reviewing Paredes' ineffective assistance of counsel claim, we use the following two-pronged test:

" 'Before counsel's assistance is determined to be so defective as to require reversal of a conviction, the defendant must establish two things. First, the defendant must establish that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel's performance was less than that guaranteed to the defendant by the Sixth Amendment to the United States Constitution. Second, the defendant must establish that the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial.' " *State v. Davis*, 277 Kan. 309, 314, 85 P.3d 1164 (2004) (quoting *State v. Orr*, 262 Kan. 312, Syl. ¶ 1, 940 P.2d 42 [1997]).

The performance and prejudice prongs of the ineffective assistance of counsel inquiry are mixed questions of law and fact on appeal requiring de novo review. *Easterwood v. State*, 273 Kan. 361, 370, 44 P.3d 1209, *cert. denied* 537 U.S. 951 (2002).

Paredes argues that his counsel was ineffective for failing to request consolidation of his cases under K.S.A. 22-3203. Paredes argues that because his cases were not consolidated, his convictions in 03 CR 131 were included in his criminal history score for sentencing purposes in 03 CR 498 and vice versa. Paredes asserts that had his cases been consolidated, his criminal history score would have been "F" rather than "C." Thus, Paredes maintains that the highest sentence he could have received would have been 51

months instead of the 66 months actually imposed. Nevertheless, the State contends that Paredes erroneously calculated his criminal history score based on consolidation of the cases. The State points out that Paredes would have been placed in category "E," which would have resulted in a difference of 5 months, not 15 months, if calculating the aggravated sentences.

K.S.A. 22-3203, which authorizes the trial court to consolidate complaints, states: "The court may order two or more complaints, informations or indictments against a single defendant to be tried together if the crimes could have been joined in a single complaint, information or indictment." This statute clearly states that the trial court may order consolidation of complaints *to be tried together* if the crimes could have been joined in a single complaint, information or indictment." (Emphasis added.) K.S.A. 22-3203 provides no authority for the trial court to consolidate cases after convictions have been entered. Thus, the proper stage at which Paredes' counsel could have requested consolidation occurred after the complaints had been filed in the two cases and during his preparation for trial, not after his plea agreement was accepted and convictions had been entered. See Barbara, Kansas Criminal Law Handbook § 812 (1974) (If no pretrial conference is to be held, the arraignment can be used to determine certain pretrial matters such as a motion for severance or consolidation of charges or defendants.).

Paredes' argument operates on the assumption that if his cases were consolidated, his convictions would have been the same as those under his current plea agreement. The record discloses, however, that Paredes had 11 other charges in 03 CR 498 and also 1 other charge in 03 CR 131 that were dismissed by the State under the plea agreement. If the two cases were consolidated "to be tried together" under K.S.A. 22-3203, the State might have elected to proceed with full prosecution of all of the charges.

In fact, based on the record before this court, it is apparent that Paredes' counsel would have opposed consolidation if it was requested by the State. In Bailey & Rothblatt, Fundamentals of Criminal Advocacy § 227 (1974), defense attorneys are instructed to request an election of counts or separate trials if their client

"is indicted on several counts (either for different crimes or for the same crime committed in a different way or through different means) and it does not appear from the indictment that the charges involve acts of a similar nature or are connected or parts of a common scheme or plan."

Here, if Paredes' counsel had requested consolidation, his conduct could have prejudiced Paredes' defense. Knowing that the evidence from both cases could be offered at a single trial, the State might have chosen to proceed with trial and not have entered into the plea agreement with Paredes. Recognizing that there are several arguments against joinder of offenses based on the prejudice that may occur to the defendant, the court in *Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964), stated:

"The argument against joinder is that the defendant may be prejudiced for one or more of the following reasons: (1) he may become embarrassed or confounded in presenting separate defenses; (2) the jury may use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant from which is found his guilt of the other crime or crimes charged; or (3) the jury may cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find."

As a result, ordinarily, it is to the State's advantage to consolidate all complaints for a single trial.

In fact, the record indicates that if Paredes' cases were consolidated, the manner in which his crimes were committed in 03 CR 131 would have solidified the State's case against him and vice versa. The record on appeal indicates that Parades committed the burglary, theft, and aggravated escape from custody in 03 CR 131 when he was pointing out to the police the homes he had burglarized and describing the crimes he had committed at the residences which later resulted in charges in case 03 CR 498. If the two cases were consolidated, the State would be able to put forth all of the evidence in 03 CR 131 and all of the evidence in 03 CR 498 before the jury in a single trial. Moreover, the jury would probably believe that the offenses of 03 CR 131 corroborated the offenses of 03 CR 498.

Based on the charges that Paredes was facing in the two cases, a request for consolidation could have worked to Paredes' disadvantage. As a result, we determine that the failure by Paredes'

counsel to request consolidation of 03 CR 131 and 03 CR 498 was not deficient performance.

Moreover, Paredes has failed to show that a request for consolidation of his two cases would have been granted by the trial court. In order for the trial court to order consolidation of cases, K.S.A. 22-3203 requires that "the crimes could have been joined in a single complaint, information or indictment." In order to address this requirement of K.S.A. 22-3203, we must look to K.S.A. 22-3202(1), which governs whether crimes may be charged against a defendant in a single complaint, information, or indictment. K.S.A. 22-3202(1) states:

"Two or more crimes may be charged against a defendant in the same complaint, information or indictment in a separate count for each crime if the crimes charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."

Paredes maintains that his convictions fit within the requirements of K.S.A. 22-3202(1) for joinder of criminal charges because they were "of the same or similar character" and based upon "two or more acts or transactions connected together."

A summary of the facts leading up to the charges in 03 CR 131 and 03 CR 498 is necessary to further address Paredes' argument. The record on appeal indicates that Paredes was charged with residential burglary, theft, criminal damage to property, and possession of stolen property in case number 03 CR 498, after he confessed to breaking into several homes and stealing valuable items. Paredes told the police that he performed the crimes with an accomplice and that the stolen items were taken to the accomplice's house and later sold at pawn shops. Paredes agreed to ride with the police into the county where he pointed out the particular homes that he had burglarized and described how he had committed the crimes at each home. The record indicates that at the time of his confession, Paredes was being held on felony narcotics violations.

Upon their return to town, Paredes got out of the car and ran while the car was stopped at a traffic light. At the time, Paredes

was wearing an orange jail uniform and handcuffs that were attached to a chain around his waist. Paredes was later found in a nearby home. While inside the home, Paredes had changed into a pair of jeans that he found in a bedroom closet. Paredes admitted that he had broken into the home to avoid being captured and that he intended to leave the home wearing the jeans. As a result of this incident, Paredes was then charged with aggravated escape from custody, residential burglary, and theft in case number 03 CR 131.

Paredes seems to argue that the two cases were based upon "two or more acts or transactions connected together" under K.S.A. 22-3202(1) because the crimes in 03 CR 131 occurred when he was pointing out to police the homes where he had committed the crimes that were later charged in 03 CR 498.

In *State v. Pondexter*, 234 Kan. 208, Syl. ¶ 6, 671 P.2d 539 (1983), our Supreme Court held that when criminal conduct resulting in a second charge is precipitated by a prior charge, the two are sufficiently "connected together" to allow consolidation for trial under K.S.A. 22-3202 and K.S.A. 22-3203. There, the defendant had been charged with aggravated assault of a law enforcement officer and unlawful possession of a firearm when someone broke into the garage of the officer involved in the charges and shot at him. The police received information that the defendant had wanted to kill the police officer in order to prevent him from testifying at his trial on the charges of unlawful possession of a firearm and aggravated assault of a law enforcement officer. The defendant was later charged with attempted murder and burglary, and the case was consolidated for trial with the action pending against the defendant on the previous charges. Determining that the charges from the two incidents were properly consolidated for trial, our Supreme Court stated that "[c]learly the crimes charged in the earlier action precipitated the conduct resulting in the attempted murder and burglary charges." 234 Kan. at 217.

In reaching its decision, our Supreme Court cited to *State v. Moore*, 226 Kan. 747, 602 P.2d 1359 (1979). In that case, the defendant was charged with corruptly influencing a witness and unlawful deprivation of property based on his conduct of attempting

to persuade his roommate to falsely testify at his trial on previous charges of aggravated robbery and kidnapping. The trial court consolidated the two cases for trial. In addressing the defendant's argument that the cases were not properly consolidated, our Supreme Court stated:

"K.S.A. 22-3202 and K.S.A. 22-3203 correspond to Rules 8(a) and 13 of the Federal Rules of Criminal Procedure. The federal cases consistently hold that when criminal conduct resulting in a second charge is precipitated by a previous charge, the two are considered sufficiently 'connected together' to allow consolidation for trial. For example, *'a charge of bail jumping or escape may be deemed sufficiently "connected" with a substantive offense to permit a single trial, at least where the charges are related in time, the motive for flight was avoidance of prosecution, and appellant's custody stemmed directly from the substantive charges.'* [Citations omitted.] In *Williams v. United States*, 265 F.2d 214 (9th Cir. 1959), it was held that a charge of obstruction of justice was properly joined for trial with a charge of statutory rape when the obstruction charge was the result of the defendant's persuasion of the victim in the statutory rape charge to repudiate her earlier statement of intercourse with defendant. Applying the reasoning of the federal cases to the factual circumstances in this case, we hold that the two criminal cases against the defendant Moore were properly consolidated for trial under the Kansas statutes. The crimes of aggravated robbery and kidnapping were 'connected together' with the charge of corruptly influencing a witness because the crime charged in 78 CR 629 precipitated the conduct charged in 78 CR 1659." (Emphasis added.) 226 Kan. at 749-50.

The instant case is factually distinguishable from *Pondexter* and *Moore*. The charges in 03 CR 498 did not precipitate Paredes' conduct of escaping from police custody, breaking into a residence, and taking property that resulted in charges in 03 CR 131. Paredes had not been charged in 03 CR 498 when he fled from the police. In fact, the record indicates that he was being held for felony narcotics violations at the time he escaped from custody. The facts of this case do not fit within the reasoning in *Pondexter* and *Moore* to find that the crimes charged in 03 CR 131 were "connected together" with the crimes charged in 03 CR 498.

Paredes fails to point us to any authority showing that his crimes of aggravated escape, burglary, and theft in 03 CR 131 were "connected together" with the crimes charged in 03 CR 498. Instead, Paredes makes the unproved assumption that the trial court would have unquestionably granted a request by either party that the two

cases be consolidated under K.S.A. 22-3203. Without any authority to support his assumption, however, we decline to find that the charged crimes in the two cases were "connected together" and that the trial court would have exercised its discretion to order consolidation.

Furthermore, Paredes has not established that the charged crimes in the two cases were "of the same or similar character" under K.S.A. 22-3202(1). In 03 CR 131, Paredes was charged with aggravated escape from custody, burglary of a dwelling, and theft of property. In 03 CR 498, Paredes was charged with residential burglary, criminal damage to property, theft of property, and possession of stolen property. The aggravated escape from custody charge in 03 CR 131 is not "of the same or similar character" as any of the charges in 03 CR 498.

Moreover, based on information in the record, it does not appear that the burglary and theft charges in 03 CR 131 were "of the same or similar character" as the burglary and theft charges in 03 CR 498. The record indicates that Paredes committed the burglary and theft in 03 CR 131 in order to avoid being captured and returned to police custody. In contrast, the record indicates that the series of burglaries and thefts in 03 CR 498 were planned events that were committed to obtain firearms and valuable property. The crimes in the two cases do not appear to be similar in character.

Paredes has failed to show us that the crimes charged in 03 CR 131 and 03 CR 498 "are of the same or similar character or are based on . . . two or more acts or transactions connected together" under K.S.A. 22-3202(1) so that consolidation of the two cases could be ordered under K.S.A. 22-3203. Therefore, even if Paredes' counsel had requested consolidation of the two cases, we are unable to determine that such a request could be granted. Paredes has not met his burden to show that he was prejudiced by his counsel's conduct in failing to request consolidation of his cases under K.S.A. 22-3203.

Because Paredes has failed to meet either prong of the ineffective assistance of counsel test, we find that his argument lacks merit.

Affirmed.