(279 P.3d 731)

No. 105,622

STATE OF KANSAS, *Appellee*, v. KINGSLEY UWADIA, *Appellant*.

—

Opinion filed June 29, 2012.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PIERRON, J.: Kingsley Uwadia appeals the district court's denial of his motion for new trial. He argues the court erred in finding the deposition statute was not violated and trial counsel was not ineffective. We affirm.

Uwadia was charged with criminal threat against Joel Womochil, Edward Jones, Eugene R. Williams, and Shawn Madsen, stemming from an incident at a Sedgwick County nightclub.

Before trial, the State moved for admission of Womochil's video deposition at trial on grounds that he was an essential eyewitness. However, he would being leaving for military basic training on May 19, 2010, in Ft. Jackson, South Carolina, and would be unavailable for trial on May 24, 2010. The district court took up the motion before voir dire. Womochil was deposed by agreement between the State and Sarah Green, Uwadia's first attorney, not by court order. For purposes of K.S.A. 22-3211(8), the court had the parties stipulate that Womochil was in South Carolina for military training. James Crawford, Uwadia's trial counsel, objected to admission of the deposition on hearsay grounds and under *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004). Specifically, he argued Green's cross-examination was not meaningful because she asked very few questions, and the deposition was not essential because the State could call other available wit-

nesses. After reviewing the cross-examination portion of the video, the court found no *Crawford* violation because Uwadia was present at the deposition and Green's opportunity to cross-examine Womochil was not limited. The court ruled that the deposition could be used at trial.

A jury trial was held on May 24 and 25, 2010. Before the State played Womochil's video deposition, Crawford renewed his objection and the district court granted him a continuing objection. The court explained to the jury that the deposition was taken on April 21, 2009, by another attorney from Crawford's office, and was being played because Womochil was at basic training. After the deposition was played for the jury, the court admitted the video and its transcript into evidence, but allowed only the video to be taken into deliberations.

The video deposition reflected that Womochil was working as a bouncer on September 25, 2009, the night of the alleged threat. He saw Uwadia pass an alcoholic beverage to an underage female. As Womochil and another bouncer escorted the pair out of the club, Uwadia said, "You have five seconds to get your hands off me." Upon reaching the foyer, a group of bouncers formed a half-circle and walked towards the door, forcing Uwadia out. Then Uwadia said, "I'm going to shoot you," and stayed in the parking lot for 5 to 10 minutes, "rapping" about "him and his boys" shooting and killing the bouncers. Womochil's boss told another bouncer to call 9-1-1. Womochil took Uwadia's threat very seriously; it scared him. Green's cross-examination of Womochil consisted of four main questions: (1) Was the club loud that night?; (2) Was there anyone else in the parking lot besides Uwadia and the bouncers?; (3) What was the name of the girl ejected from the club?; and (4) How far away was Uwadia when he made the threat?

In addition to playing Womochil's video deposition, the State called Shawn Madsen. Madsen was working as head of security on the night in question. It was hip-hop night, which always draws the largest crowds, including many gang members. Madsen saw Womochil escort Uwadia out of the club, and heard Uwadia say, "I'm going to slaughter and murder you." Because he had experienced

a prior shooting, Madsen took Uwadia's threat very seriously and decided to call 9-1-1.

The State also called Jones and Williams. On the night in question, Jones was working as a bouncer and Williams was working as door security. Jones and Williams watched Womochil escort Uwadia out of the club, and heard Uwadia say, from 5 to 10 feet away, "I'll kill all of you and slaughter everybody in the club." They both took Uwadia's threat seriously. Williams verified on cross-examination that Womochil was present when Uwadia made the threat.

Uwadia did not testify. On May 25, 2010, the jury found him guilty of criminal threat, in violation of K.S.A. 21-3419(a)(1).

Crawford filed a motion for new trial on May 28, 2010, claiming insufficient evidence to support Uwadia's conviction and the erroneous admission of the video deposition on hearsay and confrontation grounds. Then Uwadia enlisted the services of Carl Maughan, who filed a second motion for new trial on June 8, 2010. In that motion, Maughan made the same arguments Uwadia is making on appeal: (1) K.S.A. 22-3211 was violated when the State failed to apply for an order authorizing Womochil's deposition, and the district court failed to hold a hearing on the matter; and (2) Uwadia had ineffective assistance of counsel based on Green's agreement to the deposition, Crawford's failure to object to the deposition, and their joint failure to investigate.

On December 7 and 8, 2010, the district court held an evidentiary hearing on Uwadia's second motion for new trial. Green—the public defender appointed to Uwadia's case—testified first. Before trial, the prosecutor called to tell Green that he needed a deposition because one of his witnesses was going to be unavailable for trial due to deployment; she relied on the prosecutor's representation rather than asking to see deployment paperwork. Instead of filing the requisite motion, the prosecutor simply asked Green to agree to the deposition. Green discussed the matter with Uwadia over the phone. She told him that if he did not agree to the deposition, the prosecutor would likely file a motion, which would be heard and granted very quickly. With a lingering hope of a misdemeanor charge, she advised Uwadia to agree to the deposition.

But she informed him that he did not have to agree and could "make the State follow the procedure."

Uwadia never waived his right to be present at a hearing on a motion for the taking of a deposition, and his consent to the deposition was not recorded. Womochil's deposition was taken at the courthouse on April 21, 2010. The prosecutor, Green, Uwadia, the court reporter, and the cameraperson were present. Green had sufficient time to prepare for Womochil's cross-examination. She told Uwadia that a judge would have to find Womochil's deposition admissible for it to be used at trial.

When Green was preparing for trial, Uwadia gave her the names of some rebuttal witnesses—Brandon, Eric, and Adam. Because her investigator contacted the potential witnesses and reported that they would not be helpful, Green did not subpoena them. Green did not recall Uwadia telling her that he was on his cell phone at the time he made the alleged threats. She neither subpoenaed the club record of ejected patrons nor investigated the State's witnesses, because she did not believe such acts would benefit Uwadia's defense ("I did not say those things"). Because Green had a scheduling conflict on the final trial date and the State would have objected to another continuance, Crawford took over Uwadia's case.

Crawford—another public defender who tried Uwadia's case—testified next. He received the case file from Green 5 days before trial, had enough time to prepare, and had no reservations about trying the case. Before trial, Crawford called Uwadia to ensure he wanted to proceed to trial and also had an hour-long office meeting with him. Crawford knew that Womochil had been deposed because Green had agreed to the prosecutor's request. After reviewing the video deposition, Crawford thought it might help—not hurt—Uwadia because Womochil did not seem to have been placed in fear. Crawford did not (1) subpoena the club record of ejected patrons, (2) check the backgrounds of State witnesses, or (3) investigate the person Uwadia allegedly called for a ride home, all because he did not think such acts would help Uwadia at trial.

Crawford reviewed the statute governing the admissibility of depositions in criminal cases, and knew a witness had to be una-

vailable for trial for a deposition to be admitted. Before the trial began, the prosecutor furnished a letter containing Womochil's basic training date. Despite the fact that the letter was not a formal deployment order, Crawford did not verify that Womochil was out of state on the day of trial.

The prosecutor, David Vinduska, also testified. Womochil told Vinduska that if Uwadia's trial kept getting pushed back, there was a chance he could be at Army basic training in South Carolina. After Womochil's recruiter sent Vinduska a document containing Womochil's processing date, Vinduska arranged for Womochil to be deposed. Vinduska stayed in contact with Womochil until he reported for processing. On the day of trial, he did not talk to Womochil or have independent knowledge of his whereabouts.

The final witness at the evidentiary hearing on Uwadia's motion for new trial was Uwadia himself. Uwadia had this to say about Womochil's deposition:

"[A]t the deposition . . . [Green] was looking at the book, and she was like, she just said basically the statute [said] that they had to get a motion . . . . [T]hey might not be able to use [the deposition], and at worst they would be able to use it at trial. But the chances are not very good because they're not following the statute."

When Uwadia tried to prompt Green to ask certain questions, she allegedly said, "[D]on't worry about it, because they did not follow . . . the statute." Uwadia did not know about or waive his right to appear on a motion for the taking of a deposition. Green's investigator called one of Uwadia's suggested witnesses while the witness was at work and never followed up. Uwadia told Green he would not plead to a misdemeanor because he had not threatened anyone, and he never discussed a plea with her. Uwadia believed "there should never have been a deposition in the first place." When the judge asked Uwadia what he wanted Green to ask Womochil at the deposition, Uwadia proffered the exact questions Green asked.

After hearing all the evidence, the district court found that Womochil was both an essential witness (because Uwadia was charged with threatening all four bouncers, not just any bouncer) and an unavailable witness (because he was going to be out of state

for military training). The court ultimately ruled: "[T]here is no hearing necessary under [K.S.A. 22-3211] when there is no disagreement between counsel as to whether a particular witness, the subject of this deposition statute, is essential and/or unavailable."

The district court held that Green and Crawford were not ineffective because (1) Green did not violate K.S.A. 22-3211, and, so, she was not required to object to her deposition procedure; and (2) Green discovered that Uwadia's suggested witnesses would not be helpful and "Crawford made the strategic call not to use those witnesses," which was "obviously the preferred, more responsible call to make." Therefore, the court denied Uwadia's motion for new trial.

Based on a criminal history of I and a severity level 9 person felony, Uwadia's presumptive sentencing range was probation with an underlying 5-6-7 months' imprisonment. On December 8, 2010, Uwadia was sentenced to 12 months of probation with an underlying 6 months of imprisonment.

*Analysis of Ineffective Assistance of Counsel Claim*

To decide Uwadia's ineffective assistance of counsel claim, we must first address his argument that a prosecutor's motion for deposition and related hearing are mandatory under K.S.A. 22-3211. The State did not brief this issue for some unknown reason.

*K.S.A. 22-3211*

K.S.A. 22-3211 sets forth four situations in which a witness' deposition can be taken in a criminal case. Subsection (1) allows a defendant to move for a deposition, and provides that the court may order the deposition if the witness will be unavailable, the witness' testimony is material, and the deposition is necessary to prevent a failure of justice. Subsection (2) allows a witness to move to be deposed, and provides that the court may order the deposition if it gives notice to the parties. Subsection (3) allows a prosecutor to move for a deposition for the reasons listed in subsection (1), requires the court to hold a hearing and order the defendant to be present, and provides that the court may authorize the dep-

osition if it determines that the requirements listed in subsection (1) are met. Subsection (4) provides:

"If the crime charged is a felony, the prosecuting attorney may apply to the court for an order authorizing the prosecuting attorney to take the deposition of any essential witness. Upon the filing of such application, the court shall set the matter for hearing and shall order the defendant to be present at such hearing. If, upon hearing, the court determines that the witness is an essential witness, the court shall authorize the prosecuting attorney to take the deposition of the witness in the county where the complaint or indictment has been filed. Upon application, the court may order that a deposition taken pursuant to this subsection be videotaped." K.S.A. 22-3211(4).

The statute defines "essential witness" as "a prospective witness in the prosecution of a felony *who is an eyewitness to the felony* or without whose testimony a conviction could not be obtained because the testimony would establish an element of the felony that cannot be proven in any other manner." (Emphasis added.) K.S.A. 22-3211(10). The statute also provides that if a court orders a deposition, it must also order the defendant to be present at such deposition. K.S.A. 22-3211(7). And finally, the statute permits the deposition to be used at trial if the witness is out of the state and his or her appearance cannot be obtained, unless the offering party procured the witness' absence. K.S.A. 22-3211(8)(b).

To ensure that the defendant's right of confrontation is not violated, K.S.A. 22-3211 sets forth strict rules under which depositions may be admitted as evidence at trial. *State v. Cathey*, 241 Kan. 715, 724-25, 741 P.2d 738 (1987). "Absent procedural irregularities resulting in a violation of a defendant's constitutional rights, courts have uniformly upheld the admission of videotaped depositions into evidence at criminal trials. [Citations omitted.]" *State v. Wooldridge*, 237 Kan. 737, 740-41, 703 P.2d 1375 (1985) (upholding conviction because admitted deposition was taken by prosecutor who complied with K.S.A. 22-3211); *cf. State v. Willis*, 254 Kan. 119, 121, 126-27, 864 P.2d 1198 (1993) (reversing conviction because admitted deposition was taken outside defendant's presence by prosecutor without court order).

Little caselaw has developed regarding depositions in criminal cases because they are rarely taken. *State v. Hernandez*, 227 Kan.

322, 327-29, 607 P.2d 452 (1980); see *Wooldridge*, 237 Kan. at 740 ("The use of videotaped depositions in the courts is of relatively recent origin."). The purpose of taking a deposition under K.S.A. 22-3211 is to perpetuate testimony. *State v. Steward*, 219 Kan. 256, 260, 547 P.2d 773 (1976). The right to take a deposition under subsection (1) or (3) is discretionary with the district court. *State v. Schlicher*, 230 Kan. 482, 485, 639 P.2d 467 (1982) (affirming denial of defendant's motion to depose because the witness was available); see *Steward*, 219 Kan. at 260-61 (A defendant is not entitled to take deposition of a prospective witness on the bare assertion that such witness might not be able to appear at trial.); see also *State v. Bird*, 238 Kan. 160, 170, 708 P.2d 946 (1985) (upholding admission of deposition because prosecutor complied with K.S.A. 22-3211[3]). Conversely, the right to take a deposition of an essential witness under subsection (4) is absolute. 238 Kan. at 170.

While not directly on point, the *Hernandez* case is instructive. Hernandez was charged with first-degree murder stemming from a shooting at a nightclub. To support his self-defense theory, Hernandez located a club patron who would testify that the victim threatened Hernandez on the night of the shooting. But the witness had been taken into custody to await transfer to Arizona, where he faced federal charges. So, without filing a motion to depose, Hernandez deposed the witness at the county jail. The State was present for cross-examination. Before trial, Hernandez filed a motion for funds to have the "crucial" witness transported from Arizona to Kansas for trial. But the district court denied the motion at trial, and the witness' deposition was read to the jury. On appeal, Hernandez claimed erroneous denial of his motion for funds, instead of erroneous admission of the deposition. The Kansas Supreme Court affirmed, finding that "[a]lthough the deposition was not taken in accordance with K.S.A. 22-3211, it appears from defense counsel's arguments to the trial court . . . that it was his intent to perpetuate testimony by the taking of the deposition." 227 Kan. at 331.

*Scope of Review*

Interpretation of a statute is a question of law over which an appellate court has unlimited review. The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). The appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Urban*, 291 Kan. 214, 216, 239 P.3d 837 (2010). As a general rule, criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt as to the meaning of the statute is decided in favor of the accused, subject to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Jackson*, 291 Kan. 34, 40, 238 P.3d 246 (2010).

*K.S.A. 22-3211(4)*

Here, Uwadia does not identify which subsection of K.S.A 22-3211 he thinks was violated. But after reading the State's motion to admit Womochil's deposition, it appears the controversial deposition was of the subsection (4) variety—the State labeled Womochil an "essential eyewitness." The State did not comply completely with subsection (4). It never applied to the district court for an order authorizing Womochil's deposition. The court did not, therefore, set the matter for hearing, order Uwadia to be present at such hearing, determine that Womochil was an essential witness, and authorize Womochil's deposition.

The question we must answer is: Can parties bypass K.S.A. 22-3211(4)'s requirements by agreeing to the deposition of an essential witness? For the following four reasons, the answer is yes.

First, our Supreme Court has stated that the provisions of K.S.A. 22-3211 are meant to protect a defendant's right to confrontation. Here, Uwadia's right to confrontation was protected through his presence at the deposition, which was required under subsection (7) not (4). Of course, his attorney was also present, having agreed to the taking of the deposition and participated in it without objection.

Second, the statute says a prosecutor in a felony case *may*—not shall—move to depose an essential witness. This language leaves open the possibility of a deposition by agreement.

Third, the statute says the district court *shall* authorize the deposition of an eyewitness. Here, the parties' deposition agreement was in effect a joint stipulation that Womochil was an eyewitness, which left nothing for the court to decide. So interpreting subsection (4) as imposing mandatory deposition motion and hearing requirements would do nothing but hinder judicial economy.

And fourth, the *Hernandez* court endorsed a deposition taken by defense counsel who failed to move for the deposition of a material witness. *Hernandez* supports the position that subsection (4) allows depositions of essential witnesses by agreement rather than court order.

For the above reasons, we affirm the district court's statutory interpretation—K.S.A. 22-3211(4) does not require a prosecutor to move for a deposition of an essential witness when the parties agree to the deposition.

## Ineffective Assistance of Counsel Claim

Uwadia also argues the district court erred in denying his posttrial motion for a new trial because (1) Green failed to force the prosecutor to file a motion to depose Womochil, and Crawford failed to object to the admission of Womochil's procedurally flawed deposition; and (2) both Green and Crawford failed to investigate witnesses. The State counters that Uwadia has failed to prove either prong of a successful ineffective assistance of counsel claim.

Generally, claims of this type are not appropriate on direct appeal and are raised in postconviction motions after the termination of the direct appeal. The appellate court can consider such a claim on direct appeal, however, when the record is sufficient to consider the claim. See *State v. Paredes*, 34 Kan. App. 2d 346, 348-49, 118 P.3d 708, *rev. denied* 280 Kan. 989 (2005). Here, the district court held a posttrial hearing on Uwadia's motion for a new trial and gave both parties the opportunity to call witnesses and present evidence. Thus, we conclude that it is appropriate to examine Uwadia's ineffective assistance of counsel argument.

Because the district court held an evidentiary hearing on Uwadia's motion for a new trial, the appellate court employs the same standard of review as when a district court has held a full evidentiary hearing on a K.S.A. 60-1507 motion. The appellate court reviews the district court's factual findings to determine whether they are supported by substantial competent evidence and are sufficient to support the district court's legal conclusions, and applies de novo review to the district court's ultimate conclusions of law. *Bellamy v. State*, 285 Kan. 346, 354-55, 172 P.3d 10 (2007).

For a defendant to show that trial counsel was ineffective, two essential elements must be established: (1) counsel's performance was constitutionally deficient, and (2) but for counsel's deficiency, there is a reasonable probability that the movant would have obtained a more favorable outcome. *Rowland v. State*, 289 Kan. 1076, 1083, 219 P.3d 1212 (2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984] [quoting *Moncla v. State*, 285 Kan. 826, 831-32, 176 P.3d 954 (2008)]). Uwadia has the burden to show by a preponderance of the evidence that Green and Crawford's representation was deficient and prejudiced him. See *State v. Barahona*, 35 Kan. App. 2d 605, 611, 132 P.3d 959, *rev. denied* 282 Kan. 791 (2006).

Trial counsel is responsible for tactical and strategic decisions, like which witnesses will testify at trial. *Flynn v. State*, 281 Kan. 1154, 1165, 136 P.3d 909 (2006). Under the first prong, the appellate court must strongly presume that counsel's performance fell within the broad range of reasonable professional assistance. A strategic choice made after a thorough investigation of law and facts relevant to realistic options is virtually unchallengeable, and one made after a less than comprehensive investigation is reasonable exactly to the extent reasonable professional judgment support the limitations on the investigation. *Rowland*, 289 Kan. at 1083-84. Under the second prong, the defendant must show a probability "sufficient to undermine confidence in the outcome." *Harris v. State*, 288 Kan. 414, 416, 204 P.3d 557 (2009).

Since we find that a prosecutor need not move for a deposition under K.S.A. 22-3211(4) when the parties agree to the deposition,

we cannot conclude that counsel's performance was deficient for failing to force the prosecutor to file an *unnecessary* motion, and failing to object to the deposition's admission for lack of such motion. Even if we find that a prosecutor's motion for deposition and related hearing are mandatory under K.S.A. 22-3211(4), we cannot conclude that but for Womochil's testimony, the jury would have, with reasonable probability, acquitted Uwadia. Exclusion of Womochil's deposition would not have rendered the evidence insufficient to support Uwadia's conviction. Uwadia was charged with criminal threat against Womochil, Jones, Williams, and Madsen. Jones, Williams, and Madsen testified that Uwadia had threatened to kill the bouncers, and Williams testified that Womochil was present when the threat was made. So the jury probably would have convicted Uwadia without having viewed Womochil's video deposition.

We also cannot conclude that counsel's performance was deficient for failing to investigate Uwadia's suggested witnesses. Green did contact the witnesses and discovered they would not help Uwadia's case, so she decided not to put them on the stand. The district court correctly noted that "Crawford made the strategic call not to use those witnesses." Considering the evidence and being highly deferential to counsel as required, counsel's handling of the matter did not fall below an objective standard of reasonableness.

For the above reasons, the district court did not err in denying Uwadia's motion for new trial based on ineffective assistance of counsel.

Affirmed.